(No. 15027.—Decree affirmed.)

WILLIAM HUILLER *et al.* Appellants, *vs.* DENNIS RYAN, Appellee.

*Opinion filed December 19, 1922.*

1. DEEDS—*general rule as to when inadequacy of consideration is proof of fraud.*  Mere inadequacy of consideration is not, ordinarily, ground for equitable relief against the obligation of contracts and deeds unless it is accompanied with circumstances of overreaching, oppression or undue influence, or when through his ignorance, age, mental or physical condition, or by misrepresentation, surprise or stress of financial circumstances, the grantor is led into an improvident bargain.

2. FRAUD—*complainant seeking to rescind a contract for fraud must tender back what he has received.*  A party who seeks to rescind a contract on account of fraud practiced on him must tender back what he has received under the contract, so that the other party may be placed in the same position in which he was before the contract was entered into.

3. SAME—*complainant seeking to rescind a contract for fraud must show diligence.*  A party who seeks to rescind a contract for fraud must make his election to do so promptly after learning of the fraud and must announce his purpose and adhere to it; and where there has been a delay of nearly two years after the date of the transaction, facts should be shown to excuse the delay.

4. TENDER—*when bill to set aside deed does not make sufficient tender of consideration.*  A bill to set aside a quit-claim deed on the ground of fraud practiced on the grantor, by which he was induced, for an inadequate consideration, to give up his interest in land inherited from his grandmother, does not make a sufficient tender of the consideration where it merely prays that the complainant be decreed to have his proper share in the moneys received from a sale of the land less the consideration he received from the grantee.

APPEAL from the Circuit Court of Champaign county; the Hon. FRANKLIN H. BOGGS, Judge, presiding.

JOHN J. BYRNE, for appellants.

SCHAEFER & DOLAN, for appellee.

Mr. JUSTICE DUNN delivered the opinion of the court:

William Huiller and Nellie Huiller, his wife, filed a bill in the circuit court of Champaign county against Dennis Ryan to set aside a deed which they had made to him. He demurred to the bill, the court sustained his demurrer, the complainants electing to stand by their bill it was dismissed for want of equity, and they appealed.

The bill alleged that Margaret Ryan died intestate on July 13, 1917, possessed in fee simple of about 155 acres of land in Champaign county, which was described, and leaving surviving her William Ryan, her husband, a daughter, two sons, Dennis and William J. Ryan, two grandsons, the sons of a deceased son, and the complainant William Huiller, a grandson, the son of a deceased daughter; that Huiller became seized as a tenant in common of an undivided fifth of the land, subject to the dower and homestead of William Ryan; that Dennis Ryan, together with William J. Ryan, called upon the complainants at their residence in Chicago and informed them that they were conversant with the condition of affairs existing in the family, and advised them that it was the desire of William Ryan, the grandfather of Huiller, in view of his years and inability longer to handle his affairs, to settle his property rights, and that he had sent Dennis and William J. Ryan to the complainants' home in Chicago to request them to call upon him at his home in Tolono, when he would advise them that it was his desire to pay them $500 as their share and interest in the land, as the amount that would be due May Huiller, Huiller's mother, had she survived; and Dennis and William J. Ryan further advised the complainants that in the event they should refuse the invitation to go to William Ryan's home and the proffered settlement, for which they were to release all claim to the land to William Ryan and agree not to contest any will or other disposition of the property which he should afterward make, they would receive nothing from him. The

bill then avers that relying upon the truth of the statements of Dennis and William J. Ryan the complainants agreed to accompany them to Tolono, the home of William Ryan, there to agree and abide by any and every wish which he might request of them, and, not suspecting the design or fraudulent intention of Dennis and William J. Ryan, the complainants did accompany them to what they supposed to be the home of William Ryan, but notwithstanding they were to be confronted with William Ryan for the purpose of making this settlement, they were conveyed by Dennis and William J. Ryan to the office of an attorney in Champaign and were there again informed that it was the request of William Ryan that they sign and deliver a quit-claim deed conveying to Dennis Ryan all interest in the land. The bill represents that at the time of this conveyance by the complainants to Dennis Ryan, to-wit, July 19, 1920, the complainants were living in Chicago; that Huiller had been living away from the land since about 1916 and was not conversant with conditions or his rights in the property and was not advised what his rights, interest or title therein were; that he was of tender age, to-wit, twenty-one years, and that Dennis and William J. Ryan were over forty years old and were men of considerable experience, well versed in the value of farm lands, especially in the vicinity of the said lands; that by reason of the tender age of Huiller they connived and conspired together to secure from him and his wife said deed, well knowing that the land at the time of the conveyance was worth several times the amount paid to the complainants. It is further alleged that William Ryan, the grandfather of Huiller and the husband of Margaret Ryan, died on April 9, 1921; that the land was then worth $37,000 and has since been sold for $37,125, and that the deed of the complainants to Dennis Ryan was procured by false and fraudulent representations, and would not have been executed if the complainants had not relied on the

false and fraudulent representations of Dennis Ryan. It is averred that the consideration of the conveyance to Dennis Ryan was $1000, which was grossly inadequate; that Dennis and William J. Ryan well knew that sum was grossly inadequate; that at the time of the conveyance Huiller did not know that he had any right in and to the property, and believed that the offer supposed to have been made by William Ryan through Dennis and William J. Ryan was a mere gift from William Ryan; that Huiller was advised by Dennis and William J. Ryan that the only interest he had in the property was such as his grandfather might see fit to leave him by will; that they had been authorized to offer said sum to Huiller if he would agree to release any claims he might have against William Ryan and agree not to contest the will of Margaret Ryan, and they further advised the complainants that William Ryan intended to leave everything he had to Dennis Ryan and had often said so.

The bill alleged on information and belief that the land had been sold for $250 an acre and the moneys were in the hands of the court or some person duly authorized to receive them, and prayed that the deed to Dennis Ryan be declared null and void and set aside, that the complainants be decreed to have their one-fifth interest in the moneys received from the sale of the land, less $1000, which should be paid to Dennis Ryan as the moneys formerly paid by him to the complainants.

The averments of the bill have been very fully set out, and it will be observed that the allegations of fact showing fraud are extremely vague and indefinite. The first allegation of fraud is in connection with the representation to William Huiller by his two uncles that they had been sent by his grandfather to inform him of the latter's desire to pay him $500 as his interest in the land in question and as the amount that would be due his mother, May Huiller, had she survived her mother, for which he was

to release to his grandfather any claim to the land and agree not to contest any will or further disposition of the property by his grandfather. It was further represented that if he failed to accept this offer he would receive nothing from his grandfather. There is no averment that these representations were not true. There is no direct allegation of the execution of the deed to Dennis, but it may be inferred that it was executed on July 19, 1920, and perhaps in the office of an attorney in Champaign, though this is by no means certain. No inference of fraud arises from any circumstances averred in connection with the execution of the deed.

It is averred that William Huiller on July 19, 1920, was twenty-one years old, had been living away from the property since 1916, was not conversant with conditions or advised what his rights and interest in the property were, while his uncles were both over forty years of age and were men of considerable experience, well versed in the value of farm lands, particularly in the vicinity of this property; that he did not know he had any right in or to the property but thought the offer made by his grandfather through his uncles was a mere gift from his grandfather; that he was advised by his uncles that his only interest in the property was such as his grandfather might see fit to leave him by will, and that his grandfather had often expressed the intention to leave everything he had to Dennis; that the property was worth $37,000, and that the consideration of $1000 for the conveyance was wholly inadequate.

The only justifiable ground for sustaining the bill is the gross inadequacy of the consideration, in connection with the youth of the complainant, his ignorance of his rights, the misrepresentation by his relatives, who were much older and more experienced men, as to his rights in the property and that of his grandfather. Mere inadequacy of consideration is not a distinct ground for equita-

ble relief against the obligation of contracts and deeds, and standing alone is ordinarily of little weight as evidence of fraud, yet when it is accompanied with circumstances of overreaching, oppression or undue influence, or when through the ignorance, age, mental or physical condition of the grantor, or by misrepresentation, surprise or stress of financial circumstances, the grantor is led into an improvident bargain, equitable relief will be granted. (*Hardy* v. *Dyas*, 203 Ill. 211; *Walker* v. *Shepard*, 210 id. 100.) It is said in the last case that where circumstances of this character exist, proof of gross inadequacy of consideration becomes evidence of fraud, which is of controlling importance and justifies the interference of a court of equity. In *Fecht* v. *Freeman*, 251 Ill. 84, the grantor exchanged a farm worth $12,500 for $1250 cash, some worthless mining stock and a house and lot encumbered for more than it was worth, and it was said that the inadequacy of consideration was so great as to shock the conscience of a court of equity and stamp the whole transaction with fraud from its inception. Inadequacy of price may be so gross and palpable as to amount, in itself, to proof of fraud. *Witherwax* v. *Riddle*, 121 Ill. 140; *Schwarz* v. *Reznick*, 257 id. 479.

The bill is, however, fatally defective in two respects. It does not tender back the $1000 received as the consideration for the conveyance, and it does not excuse the delay in filing the bill. It is well settled that a party to a contract who seeks to rescind it on account of fraud practiced on him must tender back what he has received under the contract, so that the other party may be placed in the same position in which he was before the contract was entered into. (*Brady* v. *Cole*, 164 Ill. 116; *Hansen* v. *Gavin*, 280 id. 354; *Wenegar* v. *Bollenbach*, 180 id. 222.) In the first case it was held not sufficient to allege that the complainant was, and had been at all times, ready to re-convey the property received under the contract. The

prayer of the bill that the complainants be decreed to have their one-fifth interest in the money received from the sale of the land, less $1000, which should be paid to Dennis Ryan as the money paid by him to the complainants, is not equivalent to a tender or offer to return the money. It is equally necessary that a party to a contract desiring to rescind it for fraud must make his election to do so promptly after learning of the fraud. He must announce his purpose and adhere to it. (*Greenwood* v. *Fenn,* 136 Ill. 146; *Hansen* v. *Gavin, supra.*) This conveyance was made on July 19, 1920, and the bill was filed more than eighteen months later, to the May term, 1922, of the court. It does not appear when the fraud was discovered. It may have been immediately after the conveyance, and no facts are shown to excuse the delay.

The decree will be affirmed.

*Decree affirmed.*