(No. 19845

. THE VILLAGE OF CROTTY, Appellee, *vs.* FRANK DOMM *et al.* Appellants.

*Opinion filed February 21, 1930.*

Tom W. Smurr, for appellants.

Richolson, Armstrong & O'Meara, (John H. Armstrong, of counsel,) for appellee.

Mr. Justice Stone delivered the opinion of the court:

This is an appeal by certain objectors in a local improvement proceeding in the county court of LaSalle county for the improvement of Main street, in the village of Crotty,

in said county, by paving, curbing and constructing sewers and sidewalks in and along said street.

Appellants have raised and argued in this court seven points on which they seek reversal of the judgment: (1) That the board of local improvements did not transcribe into its records a resolution descriptive of the improvement; (2) the improvement ordinance was not recommended; (3) all proceedings in the county court were void, as they were inaugurated before the ordinance went into effect; (4) the village did not comply with the requirement of the statute that the ordinance ordering the street improvement remain on file with the village clerk for public inspection at least one week before its final passage; (5) that the ordinance did not provide for the assessment of the sum of $1257.72 as costs of engineering and inspection, as provided in the estimate, and the amount of the total cost was therefore by that amount excessive; (6) appellant Gage, who originally objected only that a prior proceeding was pending for a like improvement, was denied the right to file further objections after his original objection was overruled, and both the overruling of such objection and the denial of the right to file additional objections are urged as error; (7) the ordinance was not in force because it was not recorded at the time of the filing of the petition.

As to the first objection, appellants contend that the resolution transcribed into the records of the board of local improvements failed to describe the improvement so that property owners at the hearing would be informed of the nature, character and description of the improvement or that an engineer would be able to make an intelligent estimate of the cost. It is said that the resolution merely informed the property owners that an improvement of Main street is contemplated which embraced paving, sewering, changing the sidewalks, curbing, extending sewers, grades and widths of streets, and refers to the maps and plans

for information as to where such changes are to be made and also for all definite information concerning the improvement. It is argued that under section 7 of the Local Improvement act the original resolution must be at once transcribed into the records of the board of local improvements, and where a map and plans are part of such resolution, failure to transcribe them into such records renders the proceedings void. The abstract filed in this case fails to point out the essential portions of the resolution showing the matters omitted therefrom and contained in maps, plans and specifications. It has long been a settled rule in this court that the court will not examine the record to find grounds of reversing the judgment entered, but failure to abstract parts of the record essential to the objection urged will be deemed a waiver of such objection. *Inman* v. *Miller,* 234 Ill. 356.

In support of the second objection,—*i. e.,* that the ordinance was not recommended,—it is contended that at the close of petitioner's case the record herein disclosed no recommendation of the improvement by the board of local improvements, and that while that board, after the petitioner had closed its case, held a meeting for the purpose of supplying the deficiency of the record and adopted a resolution correcting the minutes of the final meeting of the board on the matter so as to show such recommendation, this did not cure the deficiency. There was attached to the petition filed in this case a certified copy of the original ordinance, estimate of the engineers and the recommendation of the board of local improvements, which had been transmitted to the city council with the ordinance recommending its adoption. This original ordinance and recommendation of the board of local improvements is in evidence. It appears, also, that through oversight on the part of the clerk of the board of local improvements the transcription of the recommendation of that board was omitted. Upon discovery of this fact on the trial the board met and

corrected their record. This they had a right to do. A collective body having a clerk employed to keep its records has control of such records and such clerk and may direct the amendment thereof by the clerk to speak the truth even if the records have already been approved. The right to make such an amendment is common to legislative and collective bodies generally. (*People* v. *Cleveland, Cincinnati, Chicago and St. Louis Railway Co.* 271 Ill. 195; *People* v. *Zellar,* 224 id. 408; *Ryder Estate* v. *City of Alton,* 175 id. 94.) It is not contended that the recommendation of the board was not adopted or that such resolution was not on file in the office of the board of local improvements. This objection cannot be sustained.

It is urged as the third objection that the proceedings were invalid because they were inaugurated before the ordinance authorizing the same went into effect. In support of this point counsel refers to section 48 of the Commission Form of Government act, which act the village of Crotty has adopted, providing that "no ordinance passed by the council * * * shall go into effect before thirty days from the time of its final passage," excepting from such provision ordinances for the preservation of public peace, health or safety which contain a statement of urgency and those ordinances which the general laws of the State or the Commission Form of Government act provide shall go into effect otherwise. It appears that in this case the petition for this improvement was filed four days after the ordinance was adopted and filed for record. In *City of Ottawa* v. *Hulse,* 317 Ill. 276, it was held that section 33 of the Commission Form of Municipal Government act, providing that every ordinance ordering a street improvement or sewer shall remain on file with the city clerk for public inspection, complete in form, at least one week before its adoption, applies to an ordinance passed by the city or village council of a city or village under the Commission Form of Government act for the purpose of ordering a local improvement under

the Local Improvement act. In *City of Dallas City* v. *Steingraber*, 321 Ill. 318, section 48 of the Commission Form of Municipal Government act was considered, and it was held that the legislature did not intend certain provisions of that section to apply to ordinances authorizing improvements under the Local Improvement act. The specific objection to the section considered was its provision that if at any time during the thirty days following the adoption of the ordinance a petition signed by a certain number of the electors of the city or village protesting against the passing of such ordinance is presented to the council the ordinance shall be suspended from going into operation until it is reconsidered by the council, and if not entirely repealed the same shall be submitted to a referendum. Counsel for appellants argues that the *Steingraber case* is not conclusive of the point here, for the reason that the objection does not relate to a referendum but is that by reason of section 48 the ordinance did not go into effect for thirty days. It is evident that in providing a period of thirty days during which the ordinance does not go into effect the purpose is to give an opportunity for such protest and call for referendum. As held in the *Steingraber case,* section 48, providing such referendum, does not apply to proceedings under the Local Improvement act. There could, therefore, be no reason for its application here, since the purpose of such delay is evidently to permit the filing of a protest against the ordinance. The previous conclusion of this court as to the inapplicability of section 48 obtains here, and this contention cannot be sustained.

It is urged the ordinance was not permitted to remain on file with the village clerk for public inspection for at least one week before its final passage, as required by statute. The facts disclosed on the hearing are, that the village council, at a meeting held March 15, 1929, adopted a resolution that the ordinance and recommendation of the board of local improvements filed by them with the village

clerk remain on file for a week for public inspection, and that it so remained in the possession of the clerk for a period of ten days prior to its final adoption. The village clerk placed the same in a locker in the village hall and caused the locker and the village hall to be locked until the 25th day of March, A. D. 1929, when it was enacted by the council. The law does not require that the clerk shall post such ordinance and recommendation in an open public place where it may at all times be open to public gaze, but the purpose is that it may be during such period accessible for public inspection. All parties interested are held to have known of the resolution of the village council directing that the ordinance and recommendation remain on file for one week with the village clerk, whose duty it is to provide means of inspecting them to any who may desire to do so, and it is to be presumed that the village clerk, though he may not have been in the village hall during that week and the village hall was locked, was nevertheless accessible to persons who desired to inspect the ordinance and recommendation, and that they, on application to him, could do so. There is no evidence that anyone was refused the right to inspect the ordinance. This contention is without merit.

The fifth objection relates to the provision of $1257.72 for engineering and inspection costs. The claim of appellants is that the ordinance did not specifically include that sum for that purpose but such sum was included in the estimate of the board of local improvements, and, though the ordinance included it in the total sum to be assessed, it should have been included in the ordinance by specific provision, and not having done so, the amount of the assessment was to this extent excessive. The argument is that under section 94 of the Local Improvement act, by an amendment of that section in 1917, it is provided that in cities having a population of less than 100,000 the city council may include in the cost of the improvement, to be paid by special assessment or special taxation, the cost of engi-

neering and inspection, but that not having by the ordinance specifically included such sum the same cannot be collected as a part of such assessment. The ordinance provided "that the recommendation of the board of local improvements made by the president of the board of local improvements of said village of Crotty, hereto attached, be and the same are hereby approved." This was a specific act of the village council adopting the entire estimate, and was, in effect, a provision in the ordinance that the sum of $1257.72 be included in the cost of the improvement as engineering and inspection costs. This was sufficient.

It is next contended that the county court should have dismissed the petition in this case for the reason that the record shows a prior proceeding for the improvement of this street still pending. The evidence shows that at the May term, 1928, the village of Crotty instituted proceedings for the improvement of Main street and that objections were filed thereto and sustained and the petition was at that term dismissed. The village prayed an appeal, which was allowed and time for filing a bill of exceptions was fixed but nothing further was done. Appellants here contend that since the village was not required to file an appeal bond, the praying of the appeal on the part of the village perfected the same. This is a misconception of the law. While the village was not required to file an appeal bond, it was required to file a transcript in this court if it wished to prosecute the appeal. The evidence in this case shows that this was not done and that proceeding was abandoned. The judgment of the county court therefore was in effect as to it. This is another proceeding based on a different ordinance. It was not error to refuse to dismiss that proceeding on that ground. Appellant Gage originally filed this objection, only, but when that objection was overruled sought by motion to file additional objections. The court refused to permit him to do so, and he assigns this as error. His motion by which he sought

leave to file additional objections recited that he desired to object that there existed "many insufficiencies and irregularities in the above entitled improvement proceeding, and that he be allowed to file herein his objection that certain lots within said village of Crotty benefited by the proposed improvement have not been assessed, and that the person spreading the assessment herein omitted the property referred to from said assessment roll under the order and pursuant to the direction of the council of the said petitioning municipality." The granting leave to file additional objections after a proceeding has progressed to the stage here reached lay in the discretion of the trial court, and where the objections tendered with the motion are in themselves not specific, it is not error to refuse leave to file same. In this instance the objections sought to be filed designated no property benefited but not assessed and were otherwise uncertain and insufficient. It was not error to refuse leave to file such objections at that stage of the proceeding.

It is lastly objected that the proceedings should be dismissed for the reason that the ordinance, at the time of the filing of the petition, had not been fully recorded and was therefore not in force. Section 22 of the Commission Form of Government act provides that an ordinance shall be recorded before it shall be in force. The general rule is, though not previously laid down by this court, that where an instrument is duly filed for recording, the same is deemed recorded for all legal purposes from the date of such filing. (34 Cyc. pp. 588, 589.) The evidence shows that the ordinance in this case, which was quite lengthy, required several days to complete its transcription into the records of the village clerk. It was filed for record with the village clerk on March 25, 1929. Much of it had been transcribed at the time of the filing of the petition on March 29. It is the purpose of the statute that there be a definite time at which an ordinance goes into effect. Such time should

be as nearly uniform as possible. It should not depend on the length of the ordinance or the facilities or diligence of the clerk to transcribe it. The purpose of recording it is to render it accessible that all may know its provisions. This condition exists from the time it is filed for record. It then becomes as much a part of the records of the office of the clerk as when transcribed. The practice of transcription in a book added to the permanency of the recording but not to its effectiveness. The ordinance was in force from the date it was filed for record.

There being no error calling for the reversal of the judgment in this case, the judgment is affirmed.

*Judgment affirmed.*