(No. 26720.—

MARKO SEIFERT, Appellee, *vs.* TRESA SEIFERT DEMAREE *et al.,* Appellants.

*Opinion filed September 21, 1942.*

284

MARVIN BARNES, for appellants.

SULLIVAN, SCHUMAN & MORAN, for appellee.

Mr. JUSTICE THOMPSON delivered the opinion of the court:

This appeal was prosecuted to this court from a decree of the city court of Granite City, setting aside a quitclaim deed executed by plaintiff, Marko Seifert, on May 13, 1940, to his daughter, Tresa Seifert Demaree, which conveyed a lot and a seven-room brick dwelling at 1651 Maple street in said city, and also declaring void and setting aside a certain assignment of rents derived from the residence located at 1651 Maple street and another dwelling situated at 1637 Maple street. The rent assignment was executed on April 24, 1940, and assigned said rents to plaintiff's two daughters, Tresa Seifert Demaree, and Anna Seifert Todoroff. The decree contained a number of findings, some of which, as will hereinafter appear, are important to a correct conclusion on the questions presented for review.

The complaint is not abstracted but it is necessary to recite, in substance, the allegations set forth therein to determine the important question of jurisdiction to entertain the errors assigned and argued. The complaint was filed March 5, 1941.

It is averred, in substance, that plaintiff, on May 13, 1940, was the owner of an undivided two-thirds interest in lot 20, block 1, of the First Addition to Granite City; that said property was reasonably worth $5000; that on said date the defendants, Tresa Seifert Demaree and Spiro Demaree, her husband, contriving to defraud the plaintiff, obtained his signature to a quitclaim deed when plaintiff did not know what he was signing nor what interest he was conveying, and that he did not know that he was thereby divesting himself of his property; that said deed was obtained from him by his daughter, Tresa Seifert Demaree, and placed on record; that in said deed plaintiff reserved a life estate but has not collected any income from said property and that there was no consideration for the conveyance; that plaintiff is a widower, 70 years old, in ill health, and not conversant with the English language; and that defendants took advantage of and defrauded plaintiff in securing the deed from him. The complaint prayed for cancellation of the deed, the surrender of possession and an injunction restraining defendants from encumbering or disposing of the property.

On April 14, 1941, the above named defendants filed their answer in which they denied the allegations in the complaint, except they admitted the plaintiff's age and that he is a widower. For affirmative matter of defense they averred that on April 24, 1940, the plaintiff and his wife, Anna Seifert, since deceased, had prepared a deed to the future rents of the "property in question" to Tresa Seifert Demaree and Anna Seifert Todoroff, and two wills were made, one by Anna Seifert, by which she devised her interest in "said real property" to Tresa Seifert Demaree, and one by Marko Seifert, by which he devised "his interest in said real property to said defendant;" that Marko and Anna Seifert agreed with Tresa Seifert Demaree that upon the death of one of the testators the survivor would deed his or her interest in "said property" to Tresa Seifert

Demaree and thus revoke the will of the survivor; that Anna Seifert died May 13, 1940, and her will was probated on July 11, 1940; that immediately after Anna Seifert's death, Marko Seifert, the plaintiff, executed the quitclaim deed to his daughter, Tresa Seifert Demaree, in accordance with that agreement; that the true consideration for the execution of the quitclaim deed, the assignment of rents and the wills was an oral promise of Tresa Seifert Demaree and Anna Seifert Todoroff to support and maintain the surviving parent in comfort during his or her natural life, to provide him or her with food, clothing, medical care and attention and $5 a week for incidentals; that plaintiff lived with defendants from April, 1940, until Christmas day, 1940, during which time defendants gave him and he accepted all the benefits of said oral agreement, but that from Christmas day up to the present the plaintiff prevented defendants from performing said agreement by refusing to accept support from them although they have always been willing to perform; that on Christmas day, 1940, plaintiff was importuned by Helen Seifert Kraus, another daughter, to refuse to accept support and that plaintiff has been unduly influenced by his daughter, Helen; and that plaintiff is estopped from saying that he did not know what he was doing when he signed the quitclaim deed, because he reassured defendants of their ownership of the property and encouraged and induced defendant, Spiro Demaree, to make expensive improvements on said premises and to pay current and back taxes thereon.

On May 8, 1941, plaintiff replied to the answer, denied the affirmative matter alleged, and challenged the quitclaim deed on the ground that it lacked mutuality and consideration.

On July 11, 1941, plaintiff amended his complaint by adding an allegation that the assignment of rents executed April 24, 1940, was without consideration, was fraudu-

lently obtained and was revoked by the death of Anna Seifert, who joined Marko Seifert in executing the rent assignment.

The rent assignment assigned to Anna Seifert Todoroff and Tresa Seifert Demaree, "all our rights, titles and interests in the monthly rents *we have in the past* derived from the houses numbered 1637 Maple Street and 1651 Maple Street, Granite City, Illinois, including all rights of action or otherwise to us accrued or hereafter to accrue thereunder, and hereby authorize the said Anna Seifert Todoroff and Tresa Seifert Demaree or their assigns to sue for and take all legal steps they may deem proper and necessary in connection therewith."

The primary issue raised by the complaint with the amendment and the answer is the right of plaintiff to have the quitclaim deed and the assignment of rents cancelled. The result of the decree setting aside the quitclaim deed is that defendant, Tresa Seifert Demaree, lost a freehold in the property located at 1651 Maple Street, and plaintiff, Marko Seifert, gained it. There is no question but that a freehold is involved in any case where the purpose of the suit is to set aside a conveyance of real estate. *Rabbitt* v. *Frank C. Weber & Co.* 297 Ill. 491.

A freehold involved in the trial court's decree may be eliminated by the assignments of error, because a freehold, to give this court jurisdiction, must also be involved in the questions to be determined on appeal. *Schrader* v. *Schrader,* 357 Ill. 623.

While only two assignments of error are included in appellant's brief, and both are inartfully drawn, when given a liberal construction and interpretation, they supply a sufficient challenge of the decree, insofar as it set aside the deed in question, for this court to assume jurisdiction.

The chancellor, in his decree, found that defendants defrauded the plaintiff and induced him to execute the

quitclaim deed without knowing that he was divesting himself of his property. That finding is not assailed by appellants in their counsel's argument and must stand as supported by the evidence, since no assignment is made that the findings and decree are clearly against the manifest weight of the evidence.

The issues raised by the complaint and answer were limited to the property at No. 1651 Maple street, the deed to which was ordered cancelled by the decree. Defendants, in their answer attempted to establish a partially executed oral agreement for the conveyance, by the surviving parent, of the property in question. The trial court found that the prior conveyance of the property located at 1643 Maple street to his daughter, Tresa Seifert Demaree, was in consideration of her care and support of her father. To be exact, the chancellor merely found that if there was any consideration for his daughter's care and support of her father, it was the conveyance of the property at 1643 Maple street.

Irrespective of whether the court erroneously found on that question of consideration the situation would remain the same because the court, insofar as the record stands, properly set aside the deed on the ground of fraud in its execution. We cannot say that the trial court's findings and decree are manifestly against the weight of the evidence, because (1) the record discloses that some witnesses testified whose evidence was not transcribed, and (2) the testimony in the abstract sustains the chancellor's findings. The court below saw the witnesses and heard their testimony. He had the opportunity of observing their demeanor and heard certain witnesses whose testimony the members of this court are not even permitted to scan in the record.

Having assumed jurisdiction to pass upon the question of whether the court erred in setting aside the deed to the property located at 1651 Maple street, we pass to the second

assignment of error which is that the court erroneously found that Tresa Seifert Demaree and her husband, Spiro Demaree, had collected rents from that property since the death of Anna Seifert, which offset any payments they might have made for repairs and taxes and any payments the daughter might have made for the care and support of her father. Defendants claim that they are thereby wrongfully deprived of reimbursements from plaintiff, which he should have tendered as a condition precedent to his right to have the deed cancelled and that the decree should have awarded defendants such reimbursements as a condition to the cancellation of the deed.

The rule is well established that a party who seeks to set aside a deed on the ground of fraud must place the defendant in the same position he was in prior to the conveyance by tendering back anything received by reason of the conveyance. (*Huiller* v. *Ryan,* 306 Ill. 88; *Farris* v. *Cavender,* 323 id. 227.) Where, however, the defendants have received back from property wrongfully obtained from plaintiff all or more than they have disbursed for plaintiff's benefit, no duty rests on plaintiff to tender reimbursement as a condition precedent to having a cancellation decreed.

In this case the evidence fails to show that plaintiff received anything more from defendants than they received from his property, so there was no failure on his part to do equity. In this regard, however, defendants argue that the trial court erred because, they say, the evidence is to the contrary.

The testimony is not controverted, so far as the incomplete record and abstract show, as to the amounts expended by defendants and the amounts they received from the property. Appellee concedes that Tresa Seifert Demaree expended $317.05. She received rents from the 1651 Maple street property in the sum of $217.50, and for a period of thirteen months she lived in the property and rented her

property at 1643 Maple street from which she received $195.00. The evidence, therefore, discloses that defendants received more than offset their disbursements.

It is too well established to require argument that where the chancellor sees the witnesses and hears their testimony, and the evidence is all, or most of it, oral, as in this case, this court will not reverse his findings and decree, unless it appears from the record that the decree is clearly against the manifest weight of the evidence or that there is some clear and palpable error in the record. (*Wharton* v. *Meyers,* 371 Ill. 546; *Greer* v. *Carter Oil Co.* 373 id. 168.) The court's finding is amply supported by the record before us. No acts of estoppel on plaintiff's part have intervened since he made the conveyance which was decreed to be cancelled.

We cannot consider the point argued by appellants that the decree is broader than the scope of relief prayed for nor the point that there is a variance between the decree and the complaint. These points were not included in either of the assignments of error. No rule is better established in appellate practice than the one which limits the briefs and arguments, and the consideration by the reviewing court, to the errors assigned. *Freesen* v. *Scott County Drainage and Levee District,* 283 Ill. 536.

The decree of the trial court is affirmed.

*Decree affirmed.*