(No. 27522.—

THE PEOPLE *ex rel.* Stanley Kozielec, Plaintiff in Error, *vs.*
PETER B. CAREY, Sheriff, Defendant in Error.

*Opinion filed November 19, 1943.*

JAMES M. BURKE, of Chicago, for plaintiff in error.

GEORGE F. BARRETT, Attorney General, and THOMAS J.
COURTNEY, State's Attorney, of Chicago, (EDWARD E.
WILSON, JOHN T. GALLAGHER, and MELVIN S. REMBE,
all of Chicago, of counsel,) for the People.

Mr. JUSTICE MURPHY delivered the opinion of the
court:

In this case plaintiff in error Stanley Kozielec seeks
review of an ordered entered in the criminal court of Cook
county denying his petition for a writ of *habeas corpus.*
Plaintiff in error was arrested as a fugitive from justice
under authority of a warrant issued by the Governor of
this State on the requisition of the Governor of Georgia.

The sole ground urged by plaintiff in error in the trial
court and renewed here is that he was not within the State
of Georgia on a certain date. On the hearing the State's

Attorney, on behalf of the sheriff, offered in evidence the warrant issued by the Governor of the State of Georgia and "a certified and exemplified copy of all the extradition papers that had been submitted to the Governor of Illinois." These were admitted in evidence over the objection of plaintiff in error. However, the contents of such writings are not set forth in the record and without them we have no means of ascertaining the date that plaintiff in error was alleged to have fled from the State of Georgia.

Plaintiff in error testified that he was not in the State of Georgia on June 19, 1942, but was living in Chicago at that time. Three relatives corroborated him as to his place of residence on that date, but the absence of the contents of the written exhibits introduced in evidence makes it impossible to determine the date that was material. Under such circumstances, the materiality of plaintiff in error's evidence as to the date of June 19, 1942, does not appear. The warrant issued by the Governor made a *prima facie* case against plaintiff in error and, in the absence of a showing in the record of all the evidence, it can not be determined whether such *prima facie* case was overcome by other evidence.

Where a record presented to a reviewing court shows that certain written evidence has been introduced but the same is not included in the transcript of the proceedings, it will be presumed that the written evidence which has been omitted from the record sustained the findings of the court. *People* v. *Niehoff*, 266 Ill. 103, and cases there cited.

For the reasons assigned, the judgment is affirmed.

*Judgment affirmed.*