Henry J. Kleinhaus, Appellee, v. Barbara Ohde, Individually, and as Executor of Estate of Louis Kleinhaus et al., Appellant.

Gen. No. 45,960.

Opinion filed April 22, 1953. Released for publication June 3, 1953.

BEN COPPLE, of Chicago, for appellant; MEYER SILVERSTEIN, of Chicago, of counsel.

ROBERT IRMIGER, of Chicago, for appellee; JAMES J. CUSACK, JR., and EDWARD B. O'SHEA, JR., both of Chicago, of counsel.

MR. PRESIDING JUSTICE LEWE delivered the opinion of the court.

Defendant appeals from a decree nullifying a written lease. The material facts are undisputed.

February 13; 1950 Louis Kleinhaus executed a will devising his premises located at 6124 South Winchester Avenue in the City of Chicago, County of Cook, Illinois, to his son Henry Kleinhaus and his grandsons Donald Kleinhaus and Robert Kleinhaus in equal shares and bequeathing all his personal property to his sister-in-law, the defendant, Barbara Ohde who was also appointed executrix of the estate.

About February 15, 1949 Louis Kleinhaus signed a written lease prepared by his attorney Fred W. Netto for the basement apartment in the premises, naming the defendant as lessee. According to its provisions the lease is for a period of twenty years commencing February 15, 1949, at a monthly rental of one dollar and is operative from the date of the demised term.

May 4, 1950 Louis Kleinhaus died. Several weeks thereafter Donald Kleinhaus made an oral agreement with the defendant to rent the basement apartment for the monthly sum of thirty-five dollars, this sum being the amount of rental that the defendant paid for an apartment which she occupied with her sister elsewhere in the City of Chicago. Sometime after the lease was signed by Louis Kleinhaus and the defendant, Anne S. Wilson, also a sister-in-law of Louis Kleinhaus, outside the presence of the defendant, signed the lease as a witness. At that time the lease was in the

179

possession of Louis Kleinhaus. When Louis Kleinhaus died he occupied the basement apartment here in question. His wife, who had lived in the apartment with him, died in 1948. The defendant never had actual possession of the apartment nor did she pay any rent to Louis Kleinhaus from the time the lease was signed until his death. March 19, 1951 the lease was recorded in the office of the Recorder of Deeds in Cook county. No evidence was offered by either party tending to prove when the defendant obtained possession of the lease in controversy.

The trial court rested its decision on the ground that there was no delivery of the lease by Louis Kleinhaus to the defendant.

The principal question presented is whether there was a delivery of the lease during the lifetime of Louis Kleinhaus.

The defendant says that the lease was a present demise of an apartment and that as a tenant of the premises she could enter into an agreement with the lessor Louis Kleinhaus permitting him to remain in possession.

The fact that the grantor remains in possession of land after a deed is made is considered and commented on in all the decided cases as an important fact in determining whether a deed for land made to a party out of possession has been delivered (*Klajbor v. Klajbor,* 406 Ill. 513), and whether or not a deed has been delivered depends on the intention of the grantor and the determination of that intention is a question of fact depending on the circumstances in each case. (*Stanford v. Stanford,* 371 Ill. 211.) No particular form is necessary to constitute a valid delivery. It may be by acts without words or by words without acts, or by both. Anything which clearly manifests the intention of the grantor and the person to whom it is delivered that the deed shall presently become operative and ef-

180

fectual, that the grantor loses all control of it, and that by it the grantee is to become possessed of the estate, constitutes a sufficient delivery. (*Nofftz v. Nofftz*, 290 Ill. 36.) But the words or acts constituting delivery must be shown to have taken place within the lifetime of the lessor. In the instant case such proof is lacking.

The uncontroverted evidence shows that the defendant never intended to occupy the premises here involved because she had better transportation facilities from the apartment in which she was then residing to her place of employment.

The evidence also shows that several weeks after the death of Louis Kleinhaus the will was read in the presence of all the heirs and the defendant. Nothing was said by her at that time with reference to the lease. In fact the heirs first learned of the existence of the lease in question about March or April of 1951.

█ If the lease in question was not actually delivered and did not actually take effect during the lifetime of Louis Kleinhaus it amounts to a testamentary disposition. See *Stanford v. Stanford*, 371 Ill. 211.

█ The law is well established that when, as here, the claim of a gift is not asserted until after the death of the alleged donor it is regarded with suspicion by the courts and must be sustained by clear and satisfactory evidence of every element which is requisite to constitute a gift. (*In re Estate of Huston*, 319 Ill. App. 361.)

█ In *Balch v. English*, 247 Ill. App. 429, this court held, at page 433, that "a gift must be established by clear proof. (*Wright v. Buchanan*, 287 Ill. 468–478 and cases cited.) Certainly in a case where the alleged donor is dead and the rights of heirs and creditors are involved this rule should be enforced." To the same effect see *Barnum v. Reed*, 136 Ill. 388.

█ Under the facts and circumstances shown by this record we think the chancellor was warranted in

finding that there was no delivery of the lease here in controversy before the death of Louis Kleinhaus.

There is evidence tending to show that Fred W. Netto was employed by Louis Kleinhaus from time to time for about twelve years before his death. Testifying in behalf of defendant Netto said he had a conversation with the deceased prior to the execution of the lease. Defendant asked Netto the following questions: "What did he say to you, and what did you say to him?" Defendant insists that the chancellor erred in sustaining plaintiff's objection to this question. The evidence shows that no one was present during this conversation between Netto and the deceased. Defendant made no statement as to what she expected to prove by Netto, nor did she make an offer of proof. If it appeared that the offered testimony was relevant we think it would be admissible. Here, the question propounded to Netto made no reference to the lease, unlike *Creighton v. Elgin,* 387 Ill. 592, where the question was direct and related to the subject matter in controversy. In the present state of the record we are unable to determine whether the ruling was erroneous. (*Nonotuck Silk Co. v. Levy,* 75 Ill. App. 55.)

The record shows that defendant's witness Anne Wilson had resided in the building owned by Louis Kleinhaus and visited him almost daily up to the time of his death. She testified that at the time she signed as a witness to the lease she had a conversation with the deceased. Defendant's counsel asked her: "What was said at that time?" Defendant maintains that the chancellor erred in sustaining plaintiff's objection to the foregoing question.

The record shows that the plaintiff's claim against this witness was dismissed but she was not dismissed as a party-defendant in the present action. In our view the dismissal of the plaintiff's claim against the witness removed her disqualification as a witness

182

because she was no longer interested in the outcome of the suit. But, even so, as in the case of the witness Netto, defendant did not show what she expected to prove by Mrs. Wilson or make an offer of proof, hence we cannot determine the relevancy of her testimony.

 Finally defendant contends that the court erred in permitting Robert Kleinhaus to be called by plaintiff as an adverse witness under the provisions of section 60 of the Civil Practice Act [Ill. Rev. Stats. 1951, chap. 110, § 184; Jones Ill. Stats. Ann. 104.060]. We think this contention is without merit. It appears that Robert Kleinhaus was among the original plaintiffs and at his request he was made a party-defendant and so far as the record shows he is still a defendant.

For the reasons stated, the decree is affirmed.

*Decree affirmed.*

FEINBERG and KILEY, JJ., concur.