Rosie Lee Smith et al., Plaintiffs-Appellees, v. J. Kelly Smith and Vernon Pratt, Defendants-Appellants.

Term No. 54–O–10.

Fourth District.

February 1, 1955.

Rehearing denied April 5, 1955.

Released for publication April 21, 1955.

J. Kelly Smith, of Mounds, and David V. Lansden, of Cairo, both for appellants.

D. B. Reid, of Cairo, for appellees.

MR. JUSTICE BARDENS delivered the opinion of the court.

On an action by the plaintiffs asking in the alternative for an accounting and counterclaims filed by the defendants also asking for an accounting the lower

court awarded a judgment in favor of the plaintiffs in the sum of $1,451.93, from which judgment the defendants appeal.

The original plaintiffs in the case were the ten children of one Willie Smith who died in the year 1944. The ten plaintiffs constitute all of the children and heirs of Willie Smith, but Willie Smith left a widow who is not concerned in this law suit. The defendant J. Kelly Smith is an attorney and the defendant Vernon Pratt is a grantee of premises involved in the litigation. After the death of Willie Smith the defendant J. Kelly Smith was employed by the plaintiffs as their attorney to represent their interests in the estate. In January of 1945 a sale was had by the administrator of the estate covering personal property and also covering real estate consisting of 20.4 acres known as Renfro land and upon which the deceased had acquired a bond for deed. One of the children of Willie Smith, namely, Robert Smith, bid in this personal property and the Renfro bond for deed, bidding $374.25 for the personal property and $1,100 for the bond for deed. There is ample evidence in the record to show that Robert was selected by all the other children to manage and protect their interests in the estate.

It appears that Robert Smith did not have the funds with which to satisfy the bid at the administrator's sale and the defendant J. Kelly Smith thereupon paid the $1,474.25 to the administrator from his own funds. Three of the children of Willie Smith, namely, Robert, Rose, and John Henry executed to J. Kelly Smith two notes, one for $400 and one for $1,100, each of these notes bearing 6 per cent interest. The Renfro bond for deed was assigned to J. Kelly Smith.

Thereafter a partition sale was had of the balance of the land owned by Willie Smith. This included approximately 35 acres. The sale was had on May 12, 1945, and by pre-arrangement between the plaintiffs and defendant J. Kelly Smith the latter bought in the

385

land at this sale for $1,925 and paid the master-in-chancery therefor. The evidence shows that it was understood and agreed that this land was being bought in for and on behalf of the plaintiffs and that they could obtain title to the land upon paying the defendant the sum of $1,925. Subsequently nine of the ten plaintiffs assigned their distributive shares in the partition suit to defendant Smith, these amounts totaling the sum of $951.93.

Thereafter the evidence shows that Eddie Smith, one of the plaintiffs, paid the defendant the sum of $400 and that on that same date the defendant paid on the Renfro bond for deed the sum of $400. In April 1946, defendant credited to the plaintiffs the sum of $100 as proceeds of a collection for the value of a horse owned by Eddie Smith, one of the plaintiffs. Thereafter, in 1947, Robert Smith paid to Mr. Renfro on the Renfro bond for deed the sum of $400 and in 1948 Robert Smith obtained money from the bank on notes signed by himself and guaranteed by the defendant in the sum of $566.75 and $375, respectively, for the balance on the Renfro bond for deed and to pay the taxes on all real estate involved, to and including June 30, 1948. These notes were not paid by Robert Smith and under his guarantee the defendant paid the bank the sum of $990.92 on December 31, 1948.

On January 20, 1950, after a conference with some of the plaintiffs, the defendant J. Kelly Smith gave a bond for deed for all of the real estate involved to the defendant Vernon Pratt for the sum of $4,400. Vernon Pratt then executed to the plaintiffs an option agreement to allow plaintiffs to buy all of the lands back within a period of five years.

The lower court heard the evidence in this case in open court without reference to a master and thereafter entered the judgment in plaintiffs' favor as set out. This final judgment also dissolved an injunction that had previously been issued temporarily restrain-

386

ing the prosecution of a suit in justice court by defendant Vernon Pratt against some of the heirs for possession of portions of the real estate involved. The final decree also denied all relief asked under the counterclaim. This included a request for a money judgment for rental of part of the properties in favor of the defendant Vernon Pratt.

The defendant J. Kelly Smith in this court urges that the accounting rendered by the lower court is faulty in that it does not give said defendant proper credits for certain payments and in that it does not include anything for the defendant's legal services, nor does it give the defendant credit for rental value of the premises involved.

In our opinion these contentions of the defendant are disposed of by the said defendant's own testimony on the witness stand. He was questioned by the court with respect to his receipts and expenditures and produced in open court a computation on a paper that was later marked "Defendant's Exhibit 56." The testimony of said defendant at that time shows that he had put out in expenditures plus interest a sum of $4,134 and that he received from defendant Pratt the sum of $4,400 under his bond for deed; that he was claiming a total attorney fee of $300 on which he admitted that $50 had been paid; and that the difference between the $4,134 that he was claiming and the $4,400 that he actually received from defendant Pratt was sufficient to take care of the balance of attorney's fees due and owing to him. This evidence in and of itself furnished sufficient basis for the lower court to find that the defendant Smith had been fully reimbursed for all expenditures plus interest and attorney's fees by his receipt of the $4,400 from the defendant Pratt in the form of a bond for deed and a sufficient evidentiary basis, therefore, for the ordering of the said defendant to pay the plaintiffs the $1,451.93, being the monies that the plaintiffs had paid to the defendant

in their attempts to buy back the properties involved. The "Defendant's Exhibit 56" hereinabove referred to is not abstracted and it therefore is not possible for us to examine its correctness for the reason that defendant states it was not copied correctly in the report of proceedings. We are not obliged, however, to search the record to find reasons for reversal (Village of Crotty v. Domm, 338 Ill. 228, 170 N. E. 308; People v. Brown, 415 Ill. 23, 31, 112 N.E.2d 122, 126) and we must presume that the omitted evidence would support the decision appealed from. Kaplan v. Stein, 329 Ill. 253, 160 N. E. 552. Seifert v. Demaree, 380 Ill. 283, 43 N.E.2d 957. People ex rel. Kozielec v. Carey, 385 Ill. 16, 52 N.E.2d 205.

■ ■ What we have said disposes of the questions on accounting and attorney's fees claimed by the defendant J. Kelly Smith. He also makes claim that he is entitled to a fair rental value of the premises from the date of his purchase to the date of his sale of the same to defendant Vernon Pratt. We have already stated that defendant J. Kelly Smith was the attorney for the plaintiffs in these transactions and that he bought these properties for and on behalf of the plaintiffs in order to permit them to acquire the properties for themselves if they could raise the funds with which to do so. This they failed to do and the lower court confirmed the title to the premises in the defendant and ordered the repayment to the plaintiffs of the monies that they had advanced in endeavoring to purchase the premises back and allowed defendant Smith interest that he was claiming and attorney's fees that he was claiming. Under these circumstances we do not think the defendant Smith has any just claim for rental value of the premises. He admits he was acting in a fiduciary capacity for and on behalf of the plaintiffs and, having been made whole for his advances, he is certainly not entitled to a profit from the transactions. Ward v. Armstrong, 84 Ill. 151, 154. Defendant Smith also

claims the lower court committed error in its failure to specify how much money is due to any particular plaintiff. This question does not concern the defendant as the payment of the money decreed to be paid would be a satisfaction insofar as he is concerned. However, the cause must be remanded for other reasons and upon remandment the lower court will have an opportunity, if the plaintiffs desire, to specify what was due to each plaintiff.

■ Both defendants allege error in the trial court because of its failure to assess damages upon the dissolution of the temporary injunction in the court's final decree. The authorities have held that this is not the type of dissolution envisioned by the statute in that it was not dissolved "before finally disposing of the suit" as provided by section 12 of chapter 69, Illinois State Bar Statutes [Jones Ill. Stats. Ann. 109.360]. Nestor Johnson Mfg. Co. v. Goldblatt, 371 Ill. 570.

■ Defendant Vernon Pratt argues that the denial of his relief prayed for in the counterclaim asking a money judgment against Rosie Lee Smith for use and occupancy of the house on the Renfro land after defendant Pratt took possession is error. In our opinion this is meritorious assignment of error. The undisputed evidence shows that Mr. Pratt, after he obtained his bond for deed from defendant J. Kelly Smith, stated to the plaintiff Robert Smith that he would thereafter be obliged to pay rental if he remained in possession. He, Robert Smith, thereafter held possession until his death and after that the substituted plaintiff, Rosie Lee Smith, remained in possession until sometime during the pendency of the instant suit. Confronted with this undisputed testimony, we think it was incumbent upon the lower court to award a money judgment in favor of defendant Vernon Pratt. For this failure the decree will be in part and to that extent reversed.

■ The last assignment of error is that the trial court refused to allow the defendants to introduce cer-

tain evidence or to cross-examine relating to certain elements of the case. In this connection it appears that the defendants did not make any offers of proof and are therefore foreclosed from urging this error in this Court. Chicago City Ry. Co. v. Carroll, 206 Ill. 318, 328; Ritholz v. Andert, 303 Ill. App. 61; Kleinhaus v. Ohde, 350 Ill. App. 177.

The decree of the lower court is reversed insofar as it denies relief to the defendant Vernon Pratt in asking for a money judgment against the plaintiff Rosie Lee Smith for rentals. In all other respects the decree is affirmed and the cause is remanded to the lower court to make the proper award of rentals and to determine how much of the total money judgment against the defendant J. Kelly Smith is due to each plaintiff.

Decree affirmed in part and reversed in part and remanded with directions.

CULBERTSON, P. J. and SCHEINEMAN, J., concur.