Ruth Smith, Administrator of Estate of Ora Kathryn Riordan, Deceased, Plaintiff-Appellee, v. Albert Medendorp, Administrator of Estate of Arthur Herbert Medendorp, Deceased, Defendant-Appellant.

Gen. No. 9,748.

 Opinion filed June 7, 1951. Released for publication July 3, 1951.

MANN, STIFLER & SNYDER, of Danville, for appellant.

MILES S. ODLE, of Hoopeston, for appellee.

MR. JUSTICE WHEAT delivered the opinion of the court.

This action is brought by Ruth Smith, Administrator of the estate of Ora Kathryn Riordan, deceased, appellee, against Albert Medendorp, Administrator of the estate of Arthur Herbert Medendorp, deceased, appellant, for the wrongful death of Ora Kathryn Riordan, while a guest in the automobile driven by said Arthur Herbert Medendorp. The jury awarded plaintiff the sum of $3,350. Before judgment was entered defendant filed a pleading entitled: "motion for judgment *non obstante veredicto,*" which was denied, and then a motion to reduce the verdict from $3,350 to nothing (if a release were given) or to $850 (if a covenant not to sue were given) which motion was denied. No motion for a new trial was filed. This appeal follows the entry of judgment on the verdict for $3,350.

 Defendant's motion for "judgment *non obstante veredicto*" will be considered as the statutory motion for judgment notwithstanding the verdict. (Civil Practice Act, Sec. 68, Par. 192) [Jones Ill. Stats. Ann. 104.068]. There is no defendant's motion for judgment *non obstante veredicto.* Two points are urged. It is said that plaintiff is entitled to but nominal damages for the wrongful death, as both the father and the brother, her next of kin, were collateral heirs, and that the father was not a lineal heir on the ascending scale, by reason of which, to recover more than nominal damages, actual damages must have been proved. It will be unnecessary to pass upon this point, as there was competent evidence as

to actual damages for the jury to consider, such as proof of housekeeping services furnished by Ora Kathryn Riordan to her father. The complete answer to this contention, however, is that, if the verdict were excessive, defendant should have moved for a new trial, which was not done.

A further ground is urged in that it is claimed the trial judge erred in not allowing a motion to withdraw a juror and to continue the case, when plaintiff's attorney elicited an answer from a photographer on cross-examination, that an insurance company directed him to make certain photographs. If this were error, it could only have been preserved by motion for a new trial. Chapter 110, Par. 259.22 Illinois Revised Statutes 1949 [Jones Ill. Stats. Ann. 105.22] provides that if a motion for a new trial is not filed it is considered waived. Opinions of reviewing courts prior to 1933, the date of the enactment of the Civil Practice Act, must be viewed in the light of such Act. This is especially true because of the provisions of said Act, Chapter 110, Paragraph 198, Sec. 2 [Ill. Rev. Stat. 1949, Jones Ill. Stats. Ann. 104.074], which abolishes any distinction as to the common-law record, bill of exceptions, and the certificate of evidence. To hold that the alleged errors could be preserved for review without a motion for a new trial would in substance interpret said Paragraph 259.22 as meaningless, thus in practically all cases obviating the necessity for the filing of such motion for a new trial. The trial court did not err in denying the motion for judgment notwithstanding the verdict.

Defendant urges that the judgment should have been reduced to nothing, if release were given, or by the sum of $2,500 to an amount of $850, if covenant not to sue were given, by plaintiff, to one Donald Tweedy, the driver of another automobile involved in the accident. Defendant cites the cases of *Aldridge v. Morris*, 337 Ill. App. 369 and *New York, C. & St. L. R.*

*Co. v. American Transit Lines, Inc.*, 339 Ill. App. 282, in support of his position. It is unnecessary to consider the correctness of defendant's theory in the instant case, as the present situation is unique and exceptional in that plaintiff, legally sound or unsound as to his view of the law, concedes that the jury had the right to consider the payment to him of $2,500 by Tweedy. This was done by the language of the amended complaint which claimed damages in the sum of $15,000 "of which $2,500.00 has been paid by Donald Tweedy." This became one of the potential issues in the case; defendant could have moved to make the complaint more specific, could have asked for a bill of particulars, could have introduced evidence on the subject, and could have tendered an instruction as to his view of the law. None of these was done by him, and he can not now be heard to complain that the jury did not consider this factor in its verdict. On Page 12 of defendant's brief, he concedes that the amount received was for a covenant not to sue rather than a full release.

No error having occurred in the refusal of the trial court to reduce the amount of the verdict, and motion for a new trial having been waived, the judgment of the circuit court is affirmed.

*Affirmed.*