New York, Chicago and St. Louis Railroad Company, Appellant, v. American Transit Lines, Inc., Appellee.

Gen. No. 9,635.

Opinion filed October 31, 1949. Rehearing denied February 7, 1950. Released for publication February 7, 1950.

THOMPSON & MARTENSEN, of Paxton, and POPE & DRIEMEYER, of East St. Louis, for appellant.

BUSCH & HARRINGTON, of Champaign, for appellee.

MR. JUSTICE DADY delivered the opinion of the court.

This is an appeal by the New York, Chicago and St. Louis Railroad Company, plaintiff appellant, hereafter referred to as "plaintiff," from a final judgment of the circuit court in its favor against American Transit Lines, Inc., defendant appellee, hereafter referred to as "defendant," for $15,800 and costs, for damages to plaintiff's railroad track and cars and contents thereof in a train struck and derailed by defendant's truck in a crossing collision.

The defendant has assigned no cross-error.

The first alleged error assigned by plaintiff is "The refusal of the trial court to enter judgment in favor of plaintiff in the sum of $51,242.22 notwithstanding the verdict was for the amount of $17,800 only."

The collision occurred on June 14, 1940. Defendant's truck while traveling on a public highway struck the third car behind the locomotive in a 40-car-eastbound freight train of plaintiff, derailing 20 cars.

The damages covered by the judgment were for damages proven other than damages to 17 of the 20 cars in question. Such 17 cars consisted of 2 steel

tank cars, 1 box car, and 14 refrigerator cars. Plaintiff's evidence was the only evidence as to the value of such 17 cars (exclusive of contents) immediately before the collision. Such evidence, if competent, proved that such value was $33,442.04.

The competency of such evidence is questioned by defendant. In our opinion, it is not necessary that we pass on such question. We will assume such evidence was competent.

At the conclusion of all the evidence the court gave to the jury defendant's instruction 16, which instruction reads as follows: "The court instructs the jury that in arriving at your verdict . . . you are not to take into consideration as an element of damage the value of the cars destroyed in the collision, as there is no competent evidence to justify your consideration for such item as an element of damages." The effect of this instruction was to not permit any recovery whatever by plaintiff for such 17 cars.

The motion of plaintiff for such judgment notwithstanding the verdict was based on plaintiff's theory and contention that the undisputed evidence showed that such 17 cars were wholly destroyed and therefore the damage thereto was $33,442.04.

On the question of the value of the wreckage or junk of the 17 cars after the collision, the only evidence was that of F. J. LaPoint and E. K. Wood, witnesses for plaintiff.

LaPoint testified that he had been wreckmaster for the plaintiff for the past 14 years, that before June 1940, he had inspected wrecked freight cars on about 125 or 130 occasions, that when he arrived at the wreck on June 14 he decided which wrecked cars were and which were not repairable, and decided that 17 cars were not repairable and three were repairable, that "the 17 wrecked cars were destroyed," the wooden parts being burned, "that they were a bad

284

mess, just twisted steel, wood and iron, trucks knocked out from underneath them, the only thing that was left of them was picked up for scrap and loaded into empty gondola cars," and that in his opinion it was not possible to repair any of such 17 cars. On cross-examination, in answer to a question as to whether he noticed whether the trucks or wheels or axles of such cars were usable again, he replied, "Well, there was parts of them usable again," and that he did not know how much was used and how much was not used.

Wood testified that he had been freight claim adjuster of the plaintiff for close to 30 years, that he got to the scene of the accident during the night of June 14 and then examined each car and its lading. He further testified car J.O.R.X. 8218, which was one of the 17 cars claimed to have been destroyed, contained gasoline, that he found the car was leaking, that, while it was not leaking very fast, it was picked up and placed back on its wheels, that he got in touch with the consignee, who agreed to take it if it could be sent to Rankin, Illinois, that the car was then sent to and accepted by the consignee, and was there measured to determine the extent of the loss from leakage, and that there had been a very small loss.

█ It is our opinion that with the foregoing evidence before it the trial court could not have properly directed a verdict for the plaintiff for any particular amount had a motion for such directed verdict been made, which was not done, and that the trial court could not have properly allowed such motion for a judgment notwithstanding the verdict.

█ Moreover, we believe that the question of whether the trial court erred in denying such motion has not been properly or sufficiently presented to this court. Although the record shows that there was a disputed question of fact as to ultimate liability, the printed abstract filed in this court by the plaintiff

does not abstract or in any way include or cover any of the evidence introduced by the defendant. Rule 8 of this court provides that the abstract must be sufficient to present fully every error relied upon. When this is not done this court will not explore the record to determine whether the assignments of error should be sustained. (*Long v. Brink,* 353 Ill. 549.) The law is that if the defendant's evidence makes out a prima facie defense, a plaintiff's motion for judgment notwithstanding the verdict should be denied. (*Hughes v. Bandy,* 336 Ill. App. 472.)

It is therefore our opinion that the trial court properly denied plaintiff's motion for a judgment notwithstanding the verdict.

Plaintiff made an alternative motion for a new trial which the court denied.

██ In its original brief filed in this court plaintiff did not assign as error or in any way argue or discuss the question of whether the trial court erred in denying such motion for a new trial. Such question is first raised and discussed in plaintiff's reply brief, to which reply brief the defendant, of course, has had no opportunity to make a further reply. In *Seifert v. Demaree,* 380 Ill. 283, 290, the court said: "No rule is better established in appellate practice than the one which limits the briefs and arguments, and the consideration by the reviewing court, to the errors assigned." When errors are not insisted upon by appellant in his opening brief, it is too late to present them in a reply brief. (*Schumacher v. Bell,* 164 Ill. 181.) It is our opinion that plaintiff by its conduct has waived its motion for a new trial. (*Berg v. New York Cent. R. Co.,* 323 Ill. App. 221.)

██ The only other alleged error is that "The trial court erred . . . in reducing the amount of the verdict by $2,000 to reflect the amount received by plaintiff from the two defendants who were dismissed."

286

It appears that this $2,000 was received by plaintiff from two other defendants who, before trial, were dismissed out of the case on the plaintiff's motion, plaintiff having given them a covenant not to sue. No evidence of such payment was presented to the jury, but the fact of such payment was apparently conceded at the time of the entry of the judgment.

In support of such contention plaintiff cites *Devaney v. Otis Elevator Co.,* 251 Ill. 28. Defendant cites *City of Chicago v. Babcock,* 143 Ill. 358; *Garvey v. Chicago Rys. Co.,* 339 Ill. 276; *Puck v. City of Chicago,* 281 Ill. App. 6; *Vandalia R. Co. v. Nordhaus,* 161 Ill. App. 110, 104 A. L. R. 932, and other authorities. See also *Aldridge v. Morris,* 337 Ill. App. 369.

While there is apparently some conflict of authorities on the question, it is our opinion that the cases cited by the defendant are based on the better reasoning, and that therefore the trial court did not err in allowing such credit.

The judgment appealed from is affirmed.

*Affirmed.*