Betty Price and McKinley Price, Plaintiffs. Betty Price, Plaintiff-Appellee, v. Wabash Railroad Company, a Corporation, and the City of Taylorville, Illinois, Defendants. Wabash Railroad Company, a Corporation, Defendant-Appellant.

Gen. No. 10,334.

Third District.

April 17, 1961.

John W. Coale, of Taylorville, and John L. Davidson, Jr. and Charles P. Lippert, of St. Louis, Missouri, for appellant.

No appearance for appellee.

REYNOLDS, J.

Plaintiff Betty Price brought suit against the Wabash Railroad Company, and the City of Taylorville, Illinois, for injuries alleged to have been sustained by reason of a defective walk across the railroad tracks. Plaintiff McKinley Price, husband of Betty Price, brought suit for loss of consortium. Before trial the plaintiffs settled their suit against the City of Taylorville and dismissed as to the City. The Wabash Railroad Company moved to dismiss the suit against it on the ground that the settlement constituted a release. The motion was overruled and the case was tried before a jury. The jury returned a verdict finding the defendant Wabash Railroad Company guilty as to Betty Price and not guilty as to McKinley Price. Betty Price's damages were found to be $500.00. The Wabash Railroad Company then moved for judgment notwithstanding the verdict, or in the alternative asked the court to enter a remittitur for the total amount awarded Betty Price, asserting in its motion that the City of Taylorville had paid Betty Price $900.00 to execute a covenant not to sue for the injuries and damages she claimed to have sustained in the same accident giving rise to the action. This was not denied by the plaintiff Betty Price. The trial court denied the motion and the Wabash Railroad Company appeals to this court.

██ The covenant given to the City of Taylorville did not appear in the pleadings or the evidence and the finding of the jury was not predicated upon evidence of any payment made to plaintiff Betty Price by the City of Taylorville. The defendant did move for dismissal on the ground that the dismissal as to the City constituted dismissal as to all defendants. This motion was argued out of the presence of the jury and

116

denied. The covenant taken by the City first appeared in the motion for judgment notwithstanding the verdict. If evidence of the covenant given to the city had been considered by the jury, it might well be argued that the $500.00 damages awarded plaintiff Betty Price was in addition to the sum paid for the covenant. But where a jury awards what in its opinion, is the full amount of damages, without knowledge or evidence of any other payment by a joint tort-feasor, the amount so awarded must be considered as the full amount of damages suffered by the plaintiff. As said in Aldridge v. Morris, 337 Ill. App. 369, at page 376, 86 N.E.2d 143, it is a well established precept of justice that a person is entitled to only one satisfaction for an injury. And the court in that case, at page 380 said: "This court holds that where plaintiff receives a payment for a covenant not to sue from one against whom tort liability could lie, such payment, made before or after judgment, may be deducted from the damages recoverable from persons whose tort liability arises out of the same circumstances, irrespective of whether the covenantee is made a party to the suit." This statement of law was affirmed by New York, C. & St. L. R. Co. v. American Transit Lines, Inc., 339 Ill. App. 282, 89 N.E.2d 858, and New York, C. & St. L. R. Co. v. American Transit Lines, Inc., 408 Ill. 336, 97 N.E.2d 264.

The case of De Lude v. Rimek, 351 Ill. App. 466, 115 N.E.2d 561, reiterated the doctrine of deducting the amount paid under a covenant not to sue from the total damages sustained, and held that it was the jury's function to find the plaintiff's total damages.

██ In this case it is apparent that the jury, without knowledge of the covenant given by plaintiff Betty Price to the City of Taylorville, found the plaintiff's total damages to be $500.00. Under the law of the cases cited, the Wabash Railroad Company is entitled to

credit against this judgment of $500.00 in the amount paid for the covenant not to sue by the City of Taylorville. This credit is more than the judgment entered, and as a result the plaintiff is not entitled to any amount. While the situation is unusual, the same principle of law announced in Aldridge v. Morris, 337 Ill. App. 369, 86 N.E.2d 143, and the other cases cited in this opinion, will apply.

The judgment of the trial court in favor of the plaintiff Betty Price and against the defendant Wabash Railroad Company, is reversed and the cause remanded to the trial court with directions to enter judgment for the defendant Wabash Railroad Company.

Reversed and remanded with directions.

CARROLL, P. J. and ROETH, J., concur.