(No. 52479.—

JOHN T. POPOVICH, Indiv. and as Adm'r, Appellee, v. RAM PIPE & SUPPLY COMPANY, INC., *et al.* (Reliance Insurance Co. *et al.,* Appellants).

*Opinion filed October 17, 1980.—Rehearing
denied November 26, 1980.*

Judge, Drew, Cipolla & Kurnik, Ltd., of Park Ridge (Timothy T. McLaughlin, of counsel), for appellants.

Joseph P. Condon, of Condon & Zopp, of Crystal Lake, for appellee Crystal Lake School District No. 47.

MR. JUSTICE KLUCZYNSKI delivered the opinion of the court:

This is an appeal by Reliance Insurance Company, Northwestern Garage, Inc., A. Curtis Dufield, and Sandra M. Newman (intervenors) from a judgment of the circuit court of McHenry County denying their petition to intervene in a wrongful death action. Intervenors, with the exception of Reliance, had been named defendants in the suit but were dismissed by plaintiff after execution of a document captioned "loan agreement" under which Reliance, liability insurer for Northwestern Garage, advanced $20,000 to plaintiff. The agreement requires repayment of the money advanced only in the event plaintiff recovers judgment in excess of $20,000 from remaining defendants and only then in the amount of such excess, up to and including the amount advanced. The circuit court ruled that the agreement was, in effect, a covenant not to sue rather than a loan agreement, and it reduced

the jury's verdict by the amount paid under the agreement and entered judgment in that reduced amount. Intervenors sought to intervene and argued that the court erred in its construction of the agreement. The circuit court denied the petition to intervene, and intervenors appealed. The appellate court reversed the circuit court's ruling that intervention was improper, but it affirmed the circuit court's determination that the agreement is not a true loan agreement. The court remanded the cause to the circuit court with directions to reinstate the jury's verdict but to set off the amount received under the agreement as a partial satisfaction of judgment. (74 Ill. App. 3d 343.) We granted intervenors leave to appeal.

On May 22, 1973, David G. Popovich, 7 years old, was hit by a truck as he alighted from a school bus in or near Crystal Lake, McHenry County. The truck was driven by defendant Gregory D. Winans and was owned by defendant Ram Pipe & Supply Company. The bus from which the Popovich boy alighted was driven by intervenor Sandra M. Newman and was owned by intervenor Northwestern Garage. Intervenor A. Curtis Dufield is vice-president of Northwestern Garage, and intervenor Reliance Insurance Company is its liability insurer. Plaintiff's complaint also named Crystal Lake School District No. 47 as a defendant, alleging that the district is responsible for the school bus program in which the Popovich boy was participating.

As a result of injuries sustained, the Popovich boy died one week later. His father, John T. Popovich, filed this wrongful death action in the circuit court of Cook County. On motion of the defendant school district, the cause was transferred to McHenry County. Plaintiff thereafter filed an amended complaint and sought leave to add K & K Well Drilling, Inc., as a defendant, alleging that K & K was the employer of Winans, driver of the truck which struck the Popovich boy. The circuit court's

disposition of plaintiff's motion to add K & K does not appear in the record, but it would appear from K & K's participation in later proceedings that the motion was allowed and that K & K remained in the suit for at least some time. Shortly after plaintiff sought leave to add K & K, the defendant school district filed a third-party complaint for indemnification from K & K and Winans on an active-passive negligence theory.

While the case was still in its pretrial stages, plaintiff, Reliance Insurance Company, Northwestern Garage, and Sandra M. Newman executed a document entitled "loan agreement." The agreement provides:

"I, John T. Popovich, as Administrator of the Estate of David G. Popovich, hereby acknowledge receipt from the Northwestern Garage, Inc., a corporation, and Sandra Newman, by and through their insurance company, Reliance Insurance Company, a corporation, the sum of Twenty Thousand and no/100 ($20,000.00) Dollars, as a loan, without interest.

It being understood by all parties hereto, that I am discussing and will possibly be accepting a similar loan, without interest from the Crystal Lake Community School District No. 47, a municipal corporation, by and through their insurance company, the Western Insurance Companies, a corporation, in the sum of Ten Thousand and no/100 ($10,000.00) Dollars.

I hereby agree and promise to repay this loan, from any judgment I am legally entitled to collect, as Administrator, from any of the remaining Defendants ***; that I have no obligation to repay said sum from the amount of any judgment I obtain from said Defendants that is equal to or less than the amount of this loan.

It being further understood, that if in fact the aforesaid additional loan with the Crystal Lake School District No. 47, is *** made, the obligation to repay the two (2) loans, will be on a pro-rata basis, out of the proceeds of any judgment in excess of the total amount of the two (2) loans.

I further agree that I shall use and pursue any reasonable and legal means which are available to me to collect

any judgment I obtain against any Defendant ***."

Plaintiff, as administrator of his son's estate, obtained approval of the agreement from the McHenry County probate court, and he thereafter stipulated to the dismissal, without prejudice, of Northwestern Garage and Newman from the wrongful death action. All parties to the action were apprised of the agreement, and defendants Ram, K & K, and Winans moved to dismiss on the ground that the agreement is actually a release or, alternatively, for setoff of $20,000 against any verdict that might be returned. The circuit court refused to dismiss the action and reserved ruling on the request for setoff.

At the trial of the cause, a jury returned a verdict of $35,000 for plaintiff and against the defendant school district. The jury also returned a verdict for defendants Ram and Winans, finding, in response to a special interrogatory, that Winans was not guilty of any negligence proximately causing the injuries or death of the Popovich boy.

On motion by the defendant school district, the circuit court ruled that the agreement executed by plaintiff and intervenors is, in effect, a covenant not to sue rather than a loan agreement because repayment is not contemplated unless a verdict is returned in a certain amount. The court vacated the verdict of $35,000, subtracted therefrom the $20,000 paid by intervenors to plaintiff, and entered judgment in that reduced amount, $15,000. Intervenors sought to intervene on the ground that the circuit court's ruling adversely affected their rights under the agreement, and they argued that the court should have given effect to the agreement as a loan agreement. The court denied intervenors' petition, and they appealed. The appellate court held that intervention should have been allowed, but it agreed with the circuit court that the agreement, because of the peculiar repayment provision, was not a true loan agreement of the type approved in *Reese v. Chicago,*

*Burlington & Quincy R.R. Co.* (1973), 55 Ill. 2d 356.
The appellate court found itself unable to say that the
agreement was a release or covenant not to sue; the court
held only that it was not a *bona fide* loan agreement.
Rather than reducing the amount of the jury's verdict,
as the circuit court did, the appellate court ordered that
the $20,000 advanced by intervenors to plaintiff be set
off against the verdict as a partial satisfaction of judgment.

In this court, intervenors argue that the money they
advanced to plaintiff was intended as a loan; that agree-
ments such as the one they executed with plaintiff,
including the agreement's repayment provision, should be
construed according to the intent of the contracting
parties; and that the construction which upholds the agree-
ment is preferred, citing *Schek v. Chicago Transit Author-
ity* (1969), 42 Ill. 2d 362, 364, and *Schiro v. W. E. Gould
& Co.* (1960), 18 Ill. 2d 538, 542-43. To a limited extent,
we agree with intervenors; agreements of this sort should
generally be construed according to the intention of the
contracting parties. (*Reese v. Chicago, Burlington &
Quincy R.R. Co.* (1972), 5 Ill. App. 3d 450, 456, *aff'd*
(1973), 55 Ill. 2d 356; Prosser, Torts sec. 49, at 303
(4th ed. 1971).) As with any agreement, however, the
intent of the parties must give way where contrary to
policy considerations. (*O'Callaghan v. Waller & Beckwith
Realty Co.* (1958), 15 Ill. 2d 436, 437; *Jackson v. First
National Bank* (1953), 415 Ill. 453, 460.) Here, the policy
against double recovery by tort plaintiffs militates against
giving complete effect to the intent of intervenors and
plaintiff in entering into their agreement. Application of
the repayment provision of the agreement, as written and
intended by intervenors and plaintiff, would result in a
monetary recovery by plaintiff in an amount greater than
that which the jury determined to be his total measure
of damages; plaintiff would be required to repay only

$15,000 of the $20,000 advanced by intervenors, thus retaining $5,000 which, when added to the $35,000 owed by the defendant school district under the jury's verdict, would give plaintiff a total recovery of $40,000. This result and the peculiar repayment provision here in question have not been expressly disapproved in any of the court's prior cases dealing with loan agreements (*Rucker v. Norfolk & Western Ry. Co.* (1979), 77 Ill. 2d 434, 441; *Kerns v. Engelke* (1979), 76 Ill. 2d 154, 167-71; *Casson v. Nash* (1978), 74 Ill. 2d 164, 168-70; *Gatto v. Walgreen Drug Co.* (1975), 61 Ill. 2d 513, 520-23; *Harris v. Algonquin Ready Mix, Inc.* (1974), 59 Ill. 2d 445, 451-52; *Reese v. Chicago, Burlington & Quincy R.R. Co.* (1973), 55 Ill. 2d 356, 361-65), but double recovery is a result which has been condemned in other contexts. (See, *e.g., Peterson v. Lou Bachrodt Chevrolet Co.* (1979), 76 Ill. 2d 353, 362 (a plaintiff may not recover for the value of services obtained without expense, obligation or liability); *McFadden v. St. Paul Coal Co.* (1914), 263 Ill. 441, 443-45 (availability of remedies under two statutes does not allow double recovery for the same injury).) To the extent that the agreement of intervenors and plaintiff would allow double recovery, we refuse to give it that effect, regardless of the intentions of the contracting parties. "Payments made by one of the tortfeasors on account of the tort either before or after judgment, diminish the claim of an injured person against all others responsible for the same harm. This is true although it was agreed between the payor and the injured person that the payment was to have no effect upon the claims against the other." (Restatement (Second) of Torts sec. 885, comment *e* (1979).) Under well-established principles, amounts paid by "one or more of the joint tort-feasors are to be applied in reduction of the damages recoverable from those remaining in the suit." *New York, Chicago & St.*

*Louis R.R. Co. v. American Transit Lines, Inc.* (1951), 408 Ill. 336, 342; see *Rucker v. Norfolk & Western Ry. Co.* (1979), 77 Ill. 2d 434, 441; *Kerns v. Engelke* (1979), 76 Ill. 2d 154, 171.

Accordingly, we hold that the agreement of intervenors and plaintiff be given effect as a loan agreement only to the extent that the money advanced thereunder, $20,000, is to be repaid by plaintiff to intervenors, *i.e.,* $15,000. The remaining $5,000, retained by plaintiff, is to be set off against the verdict of $35,000 as a partial satisfaction of judgment. The liability of the defendant school district, against whom the verdict was returned, is reduced to $30,000. We cannot say, as the appellate court did, that the agreement completely fails to meet the standards enunciated in *Reese v. Chicago, Burlington & Quincy R.R. Co.* (1973), 55 Ill. 2d 356, or that the agreement in no respect evidences a loan. Unlike *Harris v. Algonquin Ready Mix, Inc.* (1974), 59 Ill. 2d 445, *Kerns v. Engelke* (1979), 76 Ill. 2d 154, and *Rucker v. Norfolk & Western Ry. Co.* (1979), 77 Ill. 2d 434, the agreement was executed before trial, thereby affording noncontracting defendants the opportunity to cross-examine any witnesses at trial who might have an interest in the agreement and, consequently, an interest in seeing plaintiff obtain a verdict. (*Reese v. Chicago, Burlington & Quincy R.R. Co.* (1973), 55 Ill. 2d 356, 364; *Casson v. Nash* (1978), 74 Ill. 2d 164, 168-69.) Unlike *Gatto v. Walgreen Drug Co.* (1975), 61 Ill. 2d 513, 522-23, the agreement here was disclosed to the court, the contracting defendants were dismissed, and the court was not forced to determine the liability of a sham defendant.

The judgment of the appellate court is reversed, except insofar as it determined that the circuit court erred in denying intervenors' petition to intervene, a point not raised in this court. The judgment of the circuit court is reversed, and the cause is remanded to that court with directions to allow the petition to intervene, to allow

$5,000 as a setoff against the verdict of $35,000, and to enter judgment accordingly.

*Appellate court affirmed in part and reversed in part; circuit court reversed; cause remanded, with directions.*