ALVIN WEBB, a Minor, by Barbara Johnson, his Mother and Next Friend, Plaintiff-Appellant, *v.* MICHAEL TONCRAY, Defendant and Cross-Plaintiff.— (PAUL MEEKS, Defendant and Cross-Defendant-Appellee.)

Third District    No. 81-173

Opinion filed December 3, 1981.

Michael J. Goldstein, of Chicago, for appellant.

John J. McGarry, of Stefanich, McGarry & Wols, Ltd., of Joliet, for appellee.

JUSTICE BARRY delivered the opinion of the court:

On August 1, 1977, plaintiff Alvin Webb brought suit in the circuit court of Will County against Paul Meeks, driver of an automobile in which Webb was a passenger, and Michael Toncray, driver of another automobile, for personal injuries sustained by Webb in a collision of August 12, 1975. A separate action was brought by Toncray against Meeks for Toncray's injuries in the accident. Prior to the commencement of the jury trial, Toncray entered into a platform loan agreement with Webb, and Toncray was dismissed as a party defendant. The agreement provided that Webb would grant Toncray a covenant not to sue in exchange for Toncray's loan of $9,000, which loan was to be repaid only to the extent that Webb's recovery from Meeks exceeded $20,000.

With full knowledge of the agreement, the trial court ruled that no evidence relative to the loan agreement would be admitted at trial. The case proceeded to trial consolidated with the case of Toncray versus Meeks. At the completion of the trial, the jury returned a verdict in favor of Webb and awarded $6,000 in damages against Meeks. The jury further found for defendant Meeks in the case brought by Toncray. Meeks thereafter filed a motion in the trial court requesting that the $9,000 paid to Webb by Toncray pursuant to the loan agreement be set off against the $6,000 jury award. Meeks' motion was granted, and Webb has appealed this ruling.

On appeal, Webb challenges the trial court's ruling on two bases; first, that it is contrary to public policy, and second, that a retrial of the issue of damages should be granted so that the jury could be instructed on the existence of the loan agreement and its effect on a jury verdict.

We will first consider whether the trial court's ruling on the motion for setoff, as applied to the facts of the case before us, is contrary to the public policy of Illinois. The Illinois Supreme Court has recently allowed setoffs in two cases involving loan agreements similar to the agreement in the instant case—*Palmer v. Avco Distributing Corp.* (1980), 82 Ill. 2d 211, 412 N.E.2d 959, and *Popovich v. Ram Pipe & Supply Co.* (1980), 82 Ill. 2d 203, 412 N.E.2d 519. In these companion cases, the court specifically reaffirmed the policy in Illinois against double recoveries. (*Palmer*, 82 Ill. 2d 211, 223, 412 N.E.2d 959, 965; *Popovich*, 82 Ill. 2d 203, 208, 412 N.E.2d 519, 521.) Against this policy, the court weighed the policy of construing agreements according to the intentions of the contracting parties. (*Popovich*, 82 Ill. 2d 203, 208, 412 N.E.2d 519, 520.) A third policy which the court considered is that of protecting the financial interest of nonsettling parties. (*Palmer*, 82 Ill. 2d 211, 224, 412 N.E.2d 959, 966.) In the instant case, plaintiff urges us to consider a fourth policy of encouraging out of court settlements. See *Reese v. Chicago, Burlington & Quincy R.R.* (1973), 55 Ill. 2d 356, 364, 303 N.E.2d 382, 386.

Plaintiff asserts that our consideration of these policies could result in a denial of setoff in the present case inasmuch as the supreme court in *Palmer* remarked in *obiter dicta,*

> "[The court is] aware of those cases in which amounts of money received pursuant to settlements exceeded jury verdicts subsequently entered against joint tortfeasors. (See, *e.g., DeLude v. Rimek* (1953), 351 Ill. App. 466, 474-75, 115 N.E.2d 561; *Price v. Wabash R.R. Co.* (1961), 30 Ill. App. 2d 115, 117-18, 174 N.E.2d 5.) A loan agreement for an amount exceeding a jury verdict would present a question different from the one we decide today." 82 Ill. 2d 211, 225, 412 N.E.2d 959, 966.

We are aware of no Illinois cases, decided since the supreme court first sanctioned the use of loan agreements (*Reese v. Chicago, Burlington & Quincy R.R.*), which have addressed the question left "unanswered" in *Palmer*. Nevertheless, upon due consideration of Illinois public policy, we have concluded that the mere fact that Meeks, the nonsettling defendant, has been found liable by the triers of fact and that setoff results in a zero dollar judgment against him does not dictate a result contrary to that reached in *Palmer* and *Popovich*. Initially, we note that the theory of recovery in a negligence suit, such as the personal injury cause of action in the present case, is that of compensation to the plaintiff—not punishment to the defendant. Therefore, plaintiff's argument that setoff improperly allows defendant Meeks to "escape" paying damages is unconvincing. Next, we find that the overriding policy upon which *Palmer* and *Popovich* were decided is that double recoveries are not permitted in Illinois. The countervailing policies which plaintiff advances are secondary to the

policy against double recoveries. In the present case, the jury determined that the plaintiff is entitled to recover $6,000 for his injuries. Toncray was willing to pay $9,000 to avoid further exposure that could potentially result were he to remain a party defendant in this cause. The fact that Toncray may have overestimated the amount of damages recoverable by Webb should have no effect on Meeks' right, as a nonsettling defendant, to setoff.

Furthermore, the record on appeal, consisting merely of the common law record and a transcript of the hearing on defendant's motion for setoff, does not support the plaintiff's argument that the jury, in determining damages for Webb, was confused by Toncray's participation in the trial. The jurors were properly instructed that they were to determine the amount of damages which would compensate the plaintiff once the jury found for the plaintiff on the issue of liability. The amount of damages thus determined—$6,000—appears to be clearly within the range of reasonable compensation based on evidence of plaintiff's injuries as it appears in the record on appeal. It would be pure speculation to find, as plaintiff suggests, that the jury assumed that the damage determination should represent only that portion of total damages for which defendant Meeks was responsible.

■■ We find no basis in law or fact for reversing the trial court's determination that setoff is required in this case. We hold, therefore, that the trial court properly allowed defendant Meeks' motion for setoff. As a result of our ruling, plaintiff retains 1½ times the amount of damages which the jury determined was sufficient to compensate him for his injuries. Plaintiff Webb will not be heard to complain about the measure of damages recovered by him merely because Meeks is benefited by the voluntary payment of Toncray.

Having found no basis for reversing the trial court's ruling on defendant's motion for setoff, we briefly address the final argument raised by plaintiff on appeal. Plaintiff urges that we remand this cause for a new trial on the issue of damages. In support of this argument, plaintiff refers to the supreme court's disposition in *Palmer*. In *Palmer*, evidence of the terms of the loan agreement was presented to the jury. This procedure is proper when such evidence is relevant to the motive or credibility of a witness, who knows of the existence of a loan agreement. See *Palmer*, 82 Ill. 2d 211, 226, 412 N.E.2d 959, 966 (citing *Reese*).

The *Palmer* court observed that where evidence of the terms of the agreement is admitted, then "[f]ull revelation * * * seems preferable to permitting jury speculation about an agreement's precise terms." (82 Ill. 2d 211, 226, 412 N.E.2d 959, 967.) Although the jury in *Palmer* was adequately informed of the terms of the agreement, the supreme court remanded the case for a new trial on damages because the jury was not

thereafter instructed "that amounts retained pursuant to revealed settlements will be credited toward its verdict." 82 Ill. 2d 211, 227, 412 N.E.2d 959, 967.

In *Palmer*, it was reasonable to find that the jury, knowledgeable of the terms of the agreement, might have believed that plaintiff's total damages amounted to the sum previously paid in exchange for a covenant not to sue plus the sum awarded in the jury's verdict. Failure to instruct the jury as to the effect of a setoff rendered the verdict vulnerable to attack on appeal.

Plaintiff argues that as a result of *Palmer*, full disclosure of loan agreements is required in every case. We do not agree. Although the record on appeal in the present case indicates that the issue as to admissibility of evidence of the loan agreement was not properly preserved for purposes of appeal, in the interest of justice we will consider it. The purpose of admitting evidence of the loan agreement at the trial is to allow the nonsettling defendant to expose the dismissed defendant's bias against him and in favor of the plaintiff. Certainly, where the jury is informed of the existence of an agreement, full disclosure is required so as to preclude subsequent challenges to a verdict based on speculation as to what the determination of damages represents. In addition, full disclosure requires that the jury be instructed as to how offset is applied to the verdict. (*Palmer*, 82 Ill. 2d 211, 227, 412 N.E.2d 959, 966-67.) However, "in *some cases there exists the possibility that a plaintiff will be prejudiced by* the revelation of the loan-receipt agreement." (*Palmer*, 82 Ill. 2d 211, 226-27, 412 N.E.2d 959, 967 (citing 1 J. Dooley, Modern Tort Law §26.16 (1977), and *Palmer v. Avco Distributing Corp.* (1979), 75 Ill. App. 3d 598, 609).) It is thus apparent that the *Palmer* court did not envision disclosure of loan agreements in every case.

Furthermore, it is improper to admit evidence of a loan agreement in a case where such evidence is not relevant. Thus, where, as in the present case, the lack of or extent of witness bias is obvious to the trier of fact, then the trial court may properly rule that the evidence of the loan agreement is inadmissible. See *Harris Trust & Savings Bank v. Ali* (1981), 100 Ill. App. 3d 1, 9, 425 N.E.2d 1359, 1365-66.

■■ In the present case, the jury was not told of the existence of the loan agreement nor of its terms. The court's pretrial ruling precluded any reference to the agreement. There is nothing in the record on appeal to indicate that the plaintiff objected to this pretrial ruling or that, in fact, any evidence of the agreement was admitted at the trial. Accordingly, it appears that the jury had no evidence tending to confuse their determination of total damages. Without knowledge of any amount previously paid by Toncray, the jury cannot be presumed to have believed that it was to find anything less than total damages in its verdict. (See *Price v.*

*Wabash R.R. Co.* (1961), 30 Ill. App. 2d 115, 117, 174 N.E.2d 5, 6.) Plaintiff, in requesting a new trial on damages, urges this court to permit the jury to hear evidence of the loan agreement solely for the purpose of determining the amount of damages recoverable. This we refuse to do. Admitting evidence of the loan agreement for this purpose is improper, and we so hold. See *Casson v. Nash* (1978), 74 Ill. 2d 164, 381 N.E.2d 365; *Harris Trust & Savings Bank.*

The practical effect of the court's ruling in *Palmer*, wherein disclosure of the loan agreement was properly admitted, is to permit the jury to apply setoff in arriving at their verdict. This aspect of the *Palmer* ruling does not, however, change Illinois law as applied to cases wherein a loan agreement is not disclosed to the jury. With respect to covenants not to sue, the rule in Illinois is that the court—not the jury—should apply setoff once the jury has determined total damages without knowledge of the agreement between plaintiff and the dismissed defendant. (*De Lude v. Rimek* (1953), 351 Ill. App. 466, 115 N.E.2d 561; *Haupt v. Golick* (1965), 57 Ill. App. 2d 481, 206 N.E.2d 542; *Schumacher v. Rosenthal* (7th Cir. 1955), 226 F.2d 946.) This procedure is not vulnerable to attack on appeal merely because the amount of damages determined by the jury happens to be less than the amount paid by the dismissed defendant for a convenant not to sue. *Kurth v. Amee, Inc.* (1972), 3 Ill. App. 3d 506, 510, 278 N.E.2d 162, 164-65; *De Lude*, 351 Ill. App. 466, 474, 115 N.E.2d 561, 565.

Inasmuch as the loan agreement in the instant case is indistinguishable from a covenant not to sue with respect to amounts recovered by the plaintiff up to $20,000, we perceive of no reason to formulate a new rule which would require a new trial on damages so as to permit the jury to apply setoff in arriving at a verdict merely because a loan agreement contains a reimbursement provision which does not appear in a standard covenant not to sue. We find nothing in *Palmer* and *Popovich* to compel a different result.

For the foregoing reasons, we affirm the action of the trial court in allowing Meeks' motion for setoff and denying plaintiff's motion for a new trial on damages.

Affirmed.

ALLOY and STOUDER, JJ., concur.