JOHN NGUYEN, Plaintiff-Appellant, v. DHRUVA TILWALLI, Defendant-Appellee.

Second District   No. 2—85—0394

Opinion filed July 7, 1986.

Patrick S. Moore, Ltd., of Chicago, for appellant.

James T. Ferrini, Mayer Goldberg, and Kevin J. Glenn, all of Clausen, Miller, Gorman, Caffrey & Witous, P.C., of Chicago, for appellee.

PRESIDING JUSTICE NASH delivered the opinion of the court:

Plaintiff, John Nguyen, appeals from a judgment of the circuit court which set off a $11,000 verdict of the jury for plaintiff in a medical negligence action, tried against one of the defendants therein, against the $15,000 plaintiff had earlier received from other defendants in settlement of his claims against them, thereby reducing plaintiff's recovery of damages on the verdict to zero.

Plaintiff contends the trial court erred in allowing the setoff because (1) the settling codefendants and the nonsettling defendant were concurrent rather than joint tortfeasors and a setoff was thus not authorized under the Contribution Among Joint Tortfeasors Act (Ill. Rev. Stat. 1983, ch. 70, par. 301 et seq.); (2) the settling defendants were not shown to be actual tortfeasors, as is required for a setoff under section 2(c) of the Act; and (3) the setoff amounted to a contribution to a co-tortfeasor contrary to section 2(d) of the Act.

The facts underlying this appeal disclose that while plaintiff was a patient at Glendale Heights Community Hospital in 1982, defendant, Dr. Dhruva Tilwalli, inserted a nasogastric or Blakemore tube through plaintiff's nose during the course of treatment and wrote orders for maintenance of the tube for the nursing staff. While the tube was in place, plaintiff developed a necrosis or tissue death on the side of his nose adjacent to the tube which required surgery to repair.

In May 1983, plaintiff commenced this action against defendants, Dr. Tilwalli, the hospital, nurses Holly Moore, Ann Malayel and Marielle Ramos, and Doctors Gandhi M. Gutta and Y. Pae, to recover damages for the nose injury, alleging defendants were negligent in the insertion and monitoring of the tube, inadequate staff training and procedures, and use of improper equipment. The action was dismissed against defendants Gutta and Pae on other grounds and was also dismissed as to the defendant hospital and nurses when they agreed to pay $15,000 in settlement of plaintiff's claim. The agreement, which was captioned as a release, denied any liability on the part of the settling codefendants and specifically preserved plaintiff's right of action against the remaining defendant, Dr. Tilwalli.

After trial in March 1985, the jury found Dr. Tilwalli to be negligent and awarded plaintiff $11,000 in damages. In his post-trial mo-

tion, this defendant sought a setoff against the verdict in the amount of the $15,000 paid by the other defendants. That relief was granted by the trial court pursuant to section 2(c) of the Contribution Among Joint Tortfeasors Act (Ill. Rev. Stat. 1983, ch. 70, par. 302(c)) and plaintiff's damages were reduced to zero. This appeal followed.

■ Plaintiff first contends the settling codefendants and defendant were concurrent tortfeasors rather than joint tortfeasors and, therefore, a setoff was not authorized by the Act. Section 2(c) of the Contribution Among Joint Tortfeasors Act, provides:

> "When a release or covenant not to sue or not to enforce judgment is given in good faith to one or more persons liable in tort arising out of the same injury or the same wrongful death, it does not discharge any of the other tortfeasors from liability for the injury or wrongful death unless its terms so provide but it reduces the recovery on any claim against the others to the extent of any amount stated in the release or the covenant, or in the amount of the consideration actually paid for it, whichever is greater." (Ill. Rev. Stat. 1983, ch. 70, par. 302(c).)

Plaintiff argues the Act was intended to apply only to joint tortfeasors which he defines as two or more persons who directly produce a single, indivisible injury by their own negligence. (*Millburn Mutual Insurance Co. v. Glaze* (1980), 86 Ill. App. 3d 1055, 1065, 410 N.E.2d 295, *appeal denied* (1981), 81 Ill. 2d 602; *Champion v. Knasiak* (1974), 25 Ill. App. 3d 192, 199, 323 N.E.2d 62.) Plaintiff asserts that the present case involves concurrent tortfeasors, which he defines as two or more parties independently capable of having caused the injury, acting either singly or jointly.

We need not determine whether the various codefendants were joint or concurrent tortfeasors, as it has been determined that the Contribution Among Joint Tortfeasors Act applies equally to both types. In *Morgan v. Kirk Brothers, Inc.* (1982), 111 Ill. App. 3d 914, 444 N.E.2d 504, *appeal denied* (1983), 94 Ill. 2d 553, we stated:

> "The Dramshop's further argument that it cannot be considered a 'joint tortfeasor' with the negligent motorist does not address the full scope of the contribution statute. Although the act is styled 'An Act in relation to contribution among joint tortfeasors,' neither section 302(a) nor the published Legislative History requires that the tortfeasors be joint in the strict sense, that their tortious acts be simultaneous, or that they act in concert, before contribution will lie. The only ap-

parent requirement for contribution between co-tortfeasors is that recovery over be based on the same injury to person or property. Thus, the act permits contribution where co-tort-feasors are concurrent [citations] or successive [citation] as long as the same injury is involved." 111 Ill. App. 3d 914, 918, 444 N.E.2d 504.

■ Here, there is no question one indivisible injury to plaintiff's nose resulted from the alleged tortfeasors' conduct, and we therefore conclude the trial court did not err in applying the setoff provision of the Act to the jury award in issue.

Plaintiff also argues that section 2(c) of the Act is inapplicable because there was no prior judicial determination that the settling codefendants were, in fact, tortfeasors and the settlement agreement denied all liability on their part. Plaintiff contends section 2(c) requires proof the settling parties are tortfeasors before a setoff may be allowed.

■ We cannot agree with plaintiff's characterization of the requirements of section 2(c). Although the issue has not been directly addressed by Illinois courts, the Act clearly evinces a legislative intent to encourage settlements in tort litigation and promote judicial economy. (*Rakowski v. Lucente* (1983), 120 Ill. App. 3d 715, 719, 458 N.E.2d 947, *aff'd* (1984), 104 Ill. 2d 317, 472 N.E.2d 791; *Van Jacobs v. Parikh* (1981), 97 Ill. App. 3d 610, 612, 422 N.E.2d 979.) A rule limiting application of the Act to admitted or proved tortfeasors would run contrary to this legislative intent, as it would require a full hearing as to the liability of each settling codefendant before section 2(c) could be applied. Moreover, our courts have routinely approved setoff of jury verdicts from prior settlements, despite the fact that the settling codefendants were not proved tortfeasors (see *Popovich v. Ram Pipe & Supply Co.* (1980), 82 Ill. 2d 203, 206-10, 412 N.E.2d 518; *Dick v. Gursoy* (1984), 124 Ill. App. 3d 185, 186, 471 N.E.2d 195, *appeal denied* (1984), 101 Ill. 2d 564) in accord with the established policy in Illinois against double recovery by tort plaintiffs. *Dial v. City of O'Fallon* (1980), 81 Ill. 2d 548, 558, 411 N.E.2d 217; *Kurth v. Amee, Inc.* (1972), 3 Ill. App. 3d 506, 510, 278 N.E.2d 162; *Meneghin v. Thunander* (1962), 36 Ill. App. 2d 452, 456-57, 184 N.E.2d 753, *appeal denied* (1962), 24 Ill. 2d 627.

■ We conclude that the Contribution Among Joint Tortfeasors Act does not require proof that the settling codefendants were actual tortfeasors as this would thwart the mandated purposes of the Act and the policy against double recovery. We are supported in this decision by similar rulings in other jurisdictions which have consid-

ered the question. (See *Rosenbaum v. First American National Bank* (Tenn. App. 1985), 690 S.W.2d 873, 879; *Degen v. Bayman* (1976), 90 S.D. 400, 241 N.W.2d 703, 707; *Riexinger v. Ashton Co.* (1969), 9 Ariz. App. 406, 409, 453 P.2d 235, 238.) We find persuasive the reasoning of the supreme court of North Dakota in *Levi v. Montgomery* (N.D. 1963), 120 N.W.2d 383, which stated:

> "Where the plaintiff charges several defendants with tort, and one of the defendants buys his way out of the suit and is given a release and covenant not to sue, the court will not go into the question of liability of such defendant. The test in such case is: Was the defendant sued as a tortfeasor? If so, any liability of the remaining defendants to the plaintiff must be reduced by the amount paid for such release or covenant not to sue by such defendant." (120 N.W.2d 383, 389.)

This test is a straightforward and rational means of applying section 2(c) of the Act, which we adopt, and conclude the trial court did not err in allowing the setoff without first establishing that the settling codefendants were actual tortfeasors.

■ Plaintiff also argues that the result of the setoff is inequitable since the settling codefendants then bear the full burden for his injury while defendant, the only party determined to be at fault, pays nothing. Plaintiff contends this result is tantamount to a contribution to that defendant from the settling codefendants, contrary to section 2(d) of the Contribution Among Joint Tortfeasors Act (Ill. Rev. Stat. 1985, ch. 70, par. 302(d)), which states, "The tortfeasor who settles with a claimant pursuant to paragraph (c) is discharged from all liability for any contribution to any other tortfeasor." However, section 2(c) of the Act specifically provides for and allows setoffs such as occurred here. Moreover, the theory of recovery in a negligence action is focused upon compensation to the plaintiff for his injuries, not punishment to the defendant (*Peterson v. Lou Bachrodt Chevrolet Co.* (1979), 76 Ill. 2d 353, 363, 392 N.E.2d 1; *Webb v. Toncray* (1981), 102 Ill. App. 3d 78, 80, 429 N.E.2d 874), and a plaintiff who has recovered for his damages has no basis to complain because a defendant benefitted from the setoff.

■ Lastly, plaintiff contends the setoff deprived him of his "right to recover the full amount of his judgment" in accordance with section 4 of the Contribution Among Joint Tortfeasors Act (Ill. Rev. Stat. 1985, ch. 70, par. 304). We note, however, that the jury fixed plaintiff's damages at $11,000 for his single, indivisible injury. The fact that plaintiff's settlement recovery of $15,000 from other defendants was applied to reduce the award of the jury does not al-

ter the fact that plaintiff did receive full compensation for his injuries.

Accordingly, the judgment of the circuit court setting off the settlement proceeds against the jury verdict is affirmed.

Affirmed.

SCHNAKE and UNVERZAGT, JJ., concur.