GIBSON SCHOONOVER, Plaintiff-Appellee and Cross-Appellant, v. INTERNATIONAL HARVESTER COMPANY, Defendant-Appellant and Cross-Appellee.

First District (5th Division)   No. 87—1607

Opinion filed June 10, 1988.

Lord, Bissell & Brook, of Chicago (Evan A. Burkholder, Hugh C. Griffin, Paul J. Peralta, and John A. Rupp, of counsel), for appellant.

Perz, Condon, Ridge & Berke, of Chicago (Joseph T. McGuire, of counsel), for appellee.

JUSTICE SULLIVAN delivered the opinion of the court:

This is an appeal and cross-appeal from the denial of certain post-trial motions following a jury award of $50,000 in a strict products liability action.

Plaintiff was allegedly injured when a step came loose while he was descending from the cab of his tractor-trailer truck. He filed a strict products liability action against defendants, International Harvester, the truck manufacturer, and Hertz Corporation, the truck owner, which altered the step prior to the occurrence. Hertz thereafter filed a third-party action against Celotex Corporation, plaintiff's employer.

Several months before trial, Hertz and Celotex were dismissed from the case with prejudice after entering into a loan receipt agreement with plaintiff whereby they jointly loaned plaintiff $300,000, which was repayable solely from any amounts recovered against the remaining defendant, International Harvester. The loan agreement expressly provided that in the event plaintiff's recovery from International Harvester was less than $300,000, the excess amount of the loan would be forgiven.

In its post-trial motion International Harvester sought to have the forgiven amount of the loan (a minimum of $250,000) set off against the $50,000 jury award. In the alternative, it moved for judgment notwithstanding the verdict, for a new trial on liability only or for a new trial on all issues. In his post-trial motion plaintiff sought a new trial on the issue of damages only. The trial court denied all motions and both parties have appealed.

OPINION

■ Defendant initially contends that the court erred in denying its post-trial motion to have the forgiven loan amount set off against the $50,000 jury award. We agree.

At common law, amounts paid by "one or more of the joint tort-feasors are to be applied in reduction of the damages recoverable from those remaining in the suit." (*New York, Chicago & St. Louis R.R. Co. v. American Transit Lines, Inc.* (1951), 408 Ill. 336, 342, 97 N.E.2d 264.) The common law rule against double recovery has been codified in section 2(c) of the Contribution Act (Ill. Rev. Stat. 1985, ch. 70, par. 302(c)), which provides in relevant part:

"When a release or covenant not to sue or not to enforce judgment is given in good faith to one or more persons liable in tort arising out of the same injury *** it reduces the recovery on any claim against the others to the extent of any amount

stated in the release or the covenant, or in the amount of the consideration actually paid for it, whichever is greater." This rule has been consistently applied, even where the jury's verdict is thereby reduced to zero because the amount paid for the release or the covenant not to sue exceeds the jury's award. See, *e.g.*, *Nguyen v. Tilwalli* (1986), 144 Ill. App. 3d 968, 495 N.E.2d 630; *Price v. Wabash R.R. Co.* (1961), 30 Ill. App. 2d 115, 174 N.E.2d 5; *De Lude v. Rimek* (1953), 351 Ill. App. 466, 115 N.E.2d 561.

There is no inequity to plaintiff in these circumstances because the purpose of compensatory tort damages is to compensate the plaintiff for his injuries, not to punish the defendant or bestow a windfall upon the plaintiff. (*Peterson v. Lou Bachrodt Chevrolet Co.* (1979), 76 Ill. 2d 353, 363, 392 N.E.2d 1.) An injured person is entitled to one full compensation for his injuries, and a double recovery for the same injury is against public policy. (*Eberle v. Brenner* (1987), 153 Ill. App. 3d 700, 702, 505 N.E.2d 691, citing *Popovich v. Ram Pipe & Supply Co.* (1980), 82 Ill. 2d 203, 412 N.E.2d 518.) Thus, a plaintiff who has recovered for his damages should have no basis to complain because a defendant benefited from a setoff. 153 Ill. App. 3d at 702.

A similar rule has been fashioned for loan receipt agreements, which our supreme court first sanctioned in *Reese v. Chicago, Burlington & Quincy R.R. Co.* (1973), 55 Ill. 2d 356, 303 N.E.2d 382. In *Popovich v. Ram Pipe & Supply Co.* (1980), 82 Ill. 2d 203, 412 N.E.2d 518, the supreme court held that a loan receipt agreement between a settling defendant and the plaintiff will be given effect as a loan agreement only to the extent that the money advanced thereunder is to be repaid by plaintiff to the defendant. (82 Ill. 2d at 210.) Whatever amount of the loan would be forgiven if the loan agreement were carried out according to its literal terms, however, is treated as an ordinary, unconditional payment for a covenant not to sue and must be set off against the verdict as a partial satisfaction of judgment. (82 Ill. 2d at 210.) The holding in *Popovich*, which was based on well-established principles barring double recovery in tort cases, was also applied by the supreme court in the companion case of *Palmer v. Avco Distributing Corp.* (1980), 82 Ill. 2d 211, 412 N.E.2d 959, decided the same day.

Subsequent to the supreme court's decisions in *Popovich* and *Palmer*, we held that where the amount forgiven under the terms of a loan receipt agreement equals or exceeds the jury's verdict, there is a complete satisfaction of judgment. (*Webb v. Toncray* (1981), 102 Ill. App. 3d 78, 79-81, 429 N.E.2d 874.) In *Webb*, the plaintiff entered into a loan agreement with one of two defendants prior to trial. In ex-

change for dismissal from the action, that defendant loaned plaintiff $9,000, which was to be repaid only to the extent plaintiff's recovery against the remaining defendant exceeded $20,000. The jury awarded plaintiff $6,000 in damages, and the trial court granted defendant's motion to set off the $9,000 forgiven loan amount against the $6,000 judgment.

On appeal, we rejected plaintiff's argument that the result was contrary to public policy, stating:

> "[U]pon due consideration of Illinois public policy, we have con-
> cluded that the mere fact that *** the nonsettling defendant
> *** has been found liable by the triers of fact and that setoff
> results in a zero dollar judgment against him does not dictate a
> result contrary to that reached in *Palmer* and *Popovich.* ***
> [W]e find that the overriding policy upon which *Palmer* and
> *Popovich* were decided is that double recoveries are not permit-
> ted in Illinois. *** In the present case, the jury determined that
> the plaintiff is entitled to recover $6,000 for his injuries. [The
> settling defendant] was willing to pay $9,000 to avoid further
> exposure that could potentially result were he to remain a
> party defendant in this cause. The fact that [he] may have over-
> estimated the amount of damages recoverable by [plaintiff]
> should have no effect on [defendant's] right, as a nonsettling
> defendant, to setoff." 102 Ill. App. 3d at 80-81.

Application of the foregoing principles to the facts in the case at bar requires a complete setoff of the jury's verdict. The jury awarded plaintiff $50,000 in damages against International Harvester. By the express terms of their loan agreement, at least $250,00 of the $300,000 loan plaintiff received from the dismissed defendants, Hertz and Celotex, is forgiven and must be treated as an outright settle-ment payment in exchange for a covenant not to sue. Under the au-thorities cited, the forgiven portion of the loan payment ($250,000) must be set off against the jury's verdict of $50,000, thereby reducing the judgment to zero. As in *Webb*, the fact that Hertz and Celotex "may have overestimated the amount of damages recoverable by [plaintiff] should have no effect on [International Harvester's] right, as a nonsettling defendant, to setoff." 102 Ill. App. 3d at 81.

■ There is nothing unfair in this result. Plaintiff retains $250,000, which is five times the value of his damages as determined by the jury, and to add thereto the $50,000 award would result in a double recovery as to that amount. The prohibition against double re-covery is measured against the amount "which the jury determined to be [the] total measure of damages" (*Popovich v. Ram Pipe & Supply*

*Co.* (1980), 82 Ill. 2d 203, 208, 412 N.E.2d 518), not the amount which the settling defendants paid to buy their peace. Our disposition of this issue makes it unnecessary to reach the other issues presented in defendant's appeal.

■ Turning then to his cross-appeal, it is noted that plaintiff contends that the trial court erred in denying his motion for a new trial on the issue of damages only. We disagree. Plaintiff argues that the jury's verdict of $50,000 was clearly inadequate to compensate him for his injuries where his medical expenses were approximately $12,000, and his lost earnings were approximately $377,000.[1] Plaintiff concedes in his reply brief, however, that the jury reasonably could have found that most, if not all, of his medical expenses and claimed damages were the result of a preexisting chronic degenerative back problem, and not the result of anything that occurred on the date of the accident. That concession, which is not inconsistent with the jury's determination that defendant caused the accident, is fatal to plaintiff's position in this appeal.

■ We note further that we are foreclosed from reaching the merits of plaintiff's argument by his failure to provide us with a complete record on appeal. The jury was shown two edited, video-taped evidence depositions of plaintiff's two medical experts. Plaintiff has not included in the record on appeal either the video tapes themselves or the edited transcripts and has not moved to supplement the record with the edited video tapes or the edited transcripts.[2] The record does contain the unedited transcript of the evidence deposition of one of plaintiff's two experts, but it does not appear that this transcript was read or its content otherwise presented to the jury. We thus do not have before us this significant evidence and in its absence we are unable to conclude that the jury's verdict was inadequate.

---

[1] In arriving at this figure, plaintiff multiplied his highest yearly annual income, $28,000, which was earned in the year *after* he was injured, by the number of years he expected to work from the date of the accident, when he was 45 years old, to the anticipated date of his retirement at age 65. This yielded a total income of $560,000. Plaintiff then apparently subtracted from this total his average annual income from the date of the accident to the date of trial, projected over a 20-year period. The figure obtained, $377,000, however, was not reduced to present cash value, which would have resulted in a substantially lower figure.

[2] Almost two months before oral argument in this cause, plaintiff moved to *amend* the record on appeal with a supplemental record consisting of the transcript of the evidence deposition of the other physician. We denied the motion without prejudice to plaintiff's right to file a proper motion to supplement the record in accordance with the appropriate Supreme Court Rule 329 (107 Ill. 2d R. 329). No such motion has been made.

For the foregoing reasons, we affirm the order denying plaintiff's motion for a new trial on the issue of damages only and we reverse the order denying defendant's motion for setoff and remand the cause to the circuit court with directions to set off the forgiven amount of the loan against the jury's award, thereby reducing the award to zero.

Affirmed in part, reversed in part and remanded with directions.

PINCHAM and MURRAY, JJ., concur.