EDWARD PAULSON, Plaintiff-Appellee, *v.* MORRIS SUSON, Defendant-Appellant.

First District (4th Division)    No. 80-1564

Opinion filed June 18, 1981.

Myron Minuskin, of Chicago (Marshall E. Winokur, of counsel), for appellant.

Altheimer & Gray, of Chicago (Roger B. Harris, of counsel), for appellee.

Mr. JUSTICE JIGANTI delivered the opinion of the court:

The plaintiff real estate broker, Edward Paulson, brought this action to recover a brokerage commission for services leading to the sale of real estate owned by the defendant, Morris Suson. Paulson alleged that his right to the commission was based on an oral contract. Judgment was entered for Paulson on the $200,000 jury verdict. Suson's sole contention on appeal is that the trial court erred in denying his motion to dismiss the case prior to trial based on his affirmative defense of the statute of limitations. The applicable statute of limitations on oral contracts is five years. (Ill. Rev. Stat. 1977, ch. 83, par. 16.) Suson here asserts that he does not now nor did he at the time of his motion to dismiss dispute the making of the brokerage contract. This assertion seems inconsistent with the answer he filed both to the amended complaint and to the second amended complaint. It is also inconsistent with the instruction he tendered to the jury in which he denies that a contract existed between Paulson and himself.

According to the allegations of the complaint the parties agreed that Paulson would be due a brokerage commission "when the transaction was finally concluded and [Suson] had received the entire purchase price, * * *." In September of 1969, Suson agreed to sell the land to a buyer procured by Paulson. The transaction was to be closed through an escrow. Nearly $2.5 million in cash and a note of the Continental Illinois National Bank in the amount of $600,000 were deposited in the escrow on September 26, 1969. The escrowee dispersed the cash on September 30, 1969, but retained the note until January 26, 1970. The deed was recorded when the deposits were made. The note was held as security against possible mechanics' lien claims. Paulson filed his lawsuit on January 16, 1975, which is more than five years from the disbursement of the cash but less than five years from the disbursement of the note.

Suson's position is that the transaction was finally concluded and he received the entire purchase price in September 1969, when he received

the cash even though the proceeds of the note were not in his possession. Consequently, the limitation period began to run in September 1969, when the cash was disbursed. Suson filed a motion to dismiss under section 48(e) of the Civil Practice Act (Ill. Rev. Stat. 1977, ch. 110, par. 48(e)). Paulson contends that the "entire purchase price" was not received until January 26, 1970. The motion was denied and the cause proceeded to trial before a jury. Although Suson had raised the statute of limitations as an affirmative defense in his answer to the amended complaint he did not raise it as an affirmative defense in his answer to the second amended complaint. The trial proceeded on the basis of the second amended complaint.

As previously stated, Suson's only contention on appeal is that the court erred in denying his motion to dismiss based on the statute of limitations. Paulson denies that the court was in error and further asserts that Suson has no right to appeal from the order denying the motion to dismiss because that order was merged in the subsequent judgment.

■■ We believe the court was correct in denying Paulson's motion to dismiss. The allegations of the complaint with reference to when the commission was due are determinative for purposes of the motion to dismiss. The complaint alleged that Suson and Paulson agreed that Suson would pay Paulson's commission "when the transaction was finally concluded and Suson received the entire purchase price, * * *." It cannot be said as a matter of law that Suson had "received the entire purchase price" in September of 1969 because the escrowee still retained $600,000 of that purchase price until January 26, 1970. The complaint was filed less than five years from January 26, 1970.

Even if the denial had been improper, we do not believe that this issue is properly raised on appeal. Paulson correctly asserts that a section 48 motion to dismiss is analogous to a motion for summary judgment. The Historical and Practice Notes (Ill. Ann. Stat., ch. 110, par. 48, Historical and Practice Notes, at 354 (Smith-Hurd 1968)) state that the purpose of section 48 "is primarily that of affording a means of obtaining at the outset of a case a summary disposition of issues of law or of easily proved issues of fact, * * *. This amounts to a summary judgment procedure on behalf of the defendant, * * *." The denial of a motion for summary judgment is not reviewable on appeal because the result of such denial merges with the trial that follows. (*Casson v. Nash* (1977), 54 Ill. App. 3d 783, 370 N.E.2d 564, *aff'd* (1978), 74 Ill. 2d 164, 384 N.E.2d 365.) The rationale for the merger doctrine is that it would be unjust for a verdict reached after trial, where the evidence was completely presented to the trier of fact and subject to cross-examination, to be overturned on less evidence, that is, evidence obtained only from the pleadings and affidavits. *Home Indem-*

*nity Co. v. Reynolds & Co.* (1962), 38 Ill. App. 2d 358, 366, 187 N.E.2d 274, 278.

■■ We believe that the merger doctrine is applicable under the circumstances here even though Suson did not raise the statute of limitations in his answer to the second amended complaint. The evidence necessary for the determination by the trier of fact on the statute of limitations issue, that is, what the parties agreed to concerning the brokerage commission, was presented to the jury when it considered the issue raised by the defendant, that is, whether an oral brokerage contract existed. The jury had before it all relevant evidence, but because the affirmative defense was not raised the jury was precluded from making a decision on that issue also. We agree with the court in *Home Indemnity Co.* that it would be unfair to have less evidence prevail over more complete evidence. Similarly, we believe it would be unfair to remove the final determination of the statute of limitations issue from the jury after it had heard all of the evidence.

Suson argues that section 48(5) preserves his right of review. Section 48(5) states that "Pleading over after denial by the court of a motion under this Section is not a waiver of any error in the decision denying the motion." The import of *Home Indemnity Co.* is that the motion has not been waived but has been considered at trial and therefore merges into that consideration. In the cause before us, the statute of limitations issue merged into the issues at trial, but Suson failed to have the jury consider the issue because the affirmative defense of the statute of limitations was not pleaded.

The judgment of the circuit court of Cook County is affirmed.

Affirmed.

ROMITI, P. J., and JOHNSON, J., concur.